### SCHOOL ADMINISTRATIVE DISTRICT NO. 61 et al.

### v.

### LAKE REGION TEACHERS ASSOCIATION.

Supreme Judicial Court of Maine.

Nov. 21, 1974.

Drummond, Wescott & Woodsum by Hugh G. E. MacMahon, Harry R. Pringle, Richard A. Spencer, Portland, for plaintiffs.

Locke, Campbell & Chapman by Frank G. Chapman, Augusta, Smith, Elliott, Wood & Nelson, by Randall E. Smith, Saco, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

Defendant, Lake Region Teachers Association of Bridgton, Cumberland County, has appealed from a judgment of the Superior Court (Cumberland County) which ordered a "stay" of a pending arbitration proceeding commenced by defendant.

Plaintiff has moved that the appeal be dismissed.

We grant plaintiff's motion and dismiss the appeal. The reason is that after the

judgment of the Superior Court had been entered and prior to the filing of the notice of appeal, defendant had terminated the arbitration proceeding originally commenced by it and had thus rendered moot the only question herein raised—whether the Justice of the Superior Court was correct in "staying" the arbitration proceeding as then pending (but now abandoned).

Defendant and the plaintiff, School Administrative District No. 61, were parties to a collective bargaining agreement covering the teachers of said School Administrative District. On June 13, 1973 defendant association, by filing a demand with the American Arbitration Association, initiated an "impartial arbitration" of the alleged grievance of a "probationary" teacher, the arbitration being commenced pursuant to Article III, F–4 of the collective bargaining agreement.[1]

On June 27, 1973 plaintiff brought the instant civil action seeking (1) declaratory adjudication that defendant association is without right to proceed to arbitration of the grievance it purports to have arbitrated, and (2) a "stay" of the arbitration proceeding.

On July 30, 1973, judgment was entered in the Superior Court that the arbitration proceeding be "stayed." Notice of Appeal from the judgment was filed on September 10, 1973.[2]

After the entry of judgment, however, (and before the filing of notice of appeal), on August 6, 1973, John Alfano, the same person who had acted on behalf of defendant association to file with the American Arbitration Association the demand for arbitration, communicated with the American Arbitration Association and notified it that the grievance was being withdrawn from arbitration consideration.

On August 8, 1973, the American Arbitration Association wrote to the plaintiff and defendant, in care of the attorneys who were then involved in the proceeding before the American Arbitration Association (a copy being sent to John Alfano), stating:

> "We write to confirm that by direction of the Union, the above-entitled matter has been withdrawn from arbitration. Unless advised to the contrary within seven days of the date of this letter, we will mark our files accordingly."

No such contrary response was received within the time specified (or ever). Accordingly, on August 15, 1973 the American Arbitration Association closed its file and officially considered the arbitration terminated.

In sum, three weeks before defendant filed its notice of appeal defendant, by terminating the arbitration proceeding leaving nothing pending, had rendered moot the only question it now purports to raise on appeal:—whether a *pending* arbitration should, or should not, be allowed to go forward.

The entry is:

Appeal dismissed.

All Justices concur.

---

1. This provision of the contract states that if any asserted grievance of a teacher is not resolved at various lower levels delineated for the settlement of grievances, "[t]he Association shall, within five (5) days after receipt of . . . [a] request, [from the allegedly aggrieved teacher] if . . . [the Association] formally determines that the grievance is meritorious . . . , submit the grievance to arbitration . . . ."

2. A Justice of the Superior Court, acting under Rule 73(a)(1) M.R.C.P. and finding "excusable neglect", extended the time for filing notice of appeal "for thirty days from the expiration of the original time wherein a Notice of Appeal could have been filed."