Noel COTE

v.

**ZONING BOARD OF APPEALS FOR the CITY OF BANGOR and the City of Bangor and Richard L. Wright, et als., Intervenors.**

Supreme Judicial Court of Maine.

March 7, 1979.

**420**

Rudman, Winchell, Carter & Buckley by John M. Wallach (orally), Paul L. Rudman, Bangor, for plaintiff.

Robert E. Miller, Bangor, for City of Bangor.

Eaton, Peabody, Bradford & Veague by Bernard J. Kubetz (orally), John E. McKay, Bangor, for intervenors.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

For the reasons discussed below, we dismiss the appeal in this case as moot.

In September of 1974, the plaintiff-appellee, Noel Cote, sought permission to build a nursing home on property he owned at 754 Ohio Street, Bangor, Maine. His application for a building permit was denied by the defendant-appellant, Zoning Board of Appeals for the City of Bangor (Board), in October of 1974. Thereafter, Cote appealed the denial by filing an 80B complaint in the Superior Court, Penobscot County. After granting intervenor status to certain individuals who owned property near the site of the proposed nursing home and who were opposed to the project, the presiding Justice in November of 1976 found the Board's decision to be arbitrary and unreasonable and ordered that the plaintiff be issued a building permit.

By a timely appeal, the Board and the intervenors challenged the Superior Court's decision. After the case was argued orally, the plaintiff conveyed title to the real estate to the Roman Catholic Bishop of Portland in September of 1978. The Bishop has applied for and received permission from the Board to construct a church. The Board has since moved the Court to dismiss the appeal as moot, a motion opposed by neither Cote nor the intervenors.

It is a fundamental appellate principle that the Court will not consider an appeal that has become moot except in extraordinary circumstances not present herein. *Hazzard v. Westview Golf Club, Inc.*, Me., 217 A.2d 217, 224 (1966). *See Toomey v. City of Portland*, Me., 396 A.2d 1029 (1979); *School Administrative District No. 61 v. Lake Region Teachers Association*, Me., 328 A.2d 393 (1974); *Smith v. State*, Me., 254 A.2d 272 (1969). A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists. *In re Lawson's Estate*, 41 Ill.App.3d 37, 353 N.E.2d 345 (1976).

In *School Administrative District No. 61 v. Lake Region Teachers Association, supra,* a case was moot where the teachers association, while appealing a stay of a pending arbitration proceeding, voluntarily terminated the underlying proceeding. Similarly, in *Hazzard v. Westview Golf Club, Inc., supra,* an appeal was mooted where, in contesting the confirmation of a receiver's sale of certain property, the appellants failed to seek a stay of the confirmation thereby conclusively vesting title to the property in a good faith third party purchaser. In circumstances not entirely dissimilar from those in the case at bar, the United States Supreme Court in *Heitmuller v. Stokes*, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990 (1921), refused to decide a case because of mootness where in an action to recover possession of real estate the property was conveyed to a stranger pending appeal.

In the instant case, the subject matter in dispute, the property on which the plaintiff desired to build a nursing home, was conveyed to a bona fide third party who has been granted a permit to construct a church. The conveyance of title to the property ended the controversy between the parties.

The entry is:

Appeal dismissed without costs.

ARCHIBALD, J., did not sit.