## GLOBE AIR, INC.

v.

## Ancyl S. THURSTON[1] and Biegert Aviation, Inc.

Supreme Judicial Court of Maine.

Argued Sept. 21, 1981.

Decided Dec. 23, 1981.

Locke, Campbell & Chapman, Frank G. Chapman (orally), Augusta, for respondent-appellee, Biegert Aviation, Inc.

Verrill & Dana, Michael T. Healy, Beth Dobson (orally), Portland, for respondents-appellees.

Paul Stern, Asst. Atty. Gen. (orally), Augusta, for plaintiff-appellant.

Before McKUSICK, C. J., GODFREY, NICHOLS, CARTER and VIOLETTE, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

Globe Air, Inc., the plaintiff-appellant, unsuccessful in its bid for a State contract to conduct aerial spraying for Eastern Spruce Budworm suppression in certain selected areas of the State of Maine, seasonably filed in the Superior Court, Kennebec County, its petition for judicial review of the award of the reference contract to Biegert Aviation, Inc., by the Forest Insect Manager, Maine Forest Service, Department of Conservation. Pursuant to the statutory provisions for such review (5 M.R.S.A. §§ 11001–11008), Globe Air specifically sought the following relief:

> that the Respondent [the Forest Insect Manager, Maine Forest Service] be directed to reverse the contract award to Biegert Aviation, Inc., and award said contract to your Petitioner forthwith.

After hearing in which Biegert Aviation, the successful bidder, was permitted to participate as intervenor, the Superior Court

---

1. As the action reached this Court, it named A. Temple Bowen, Jr. as defendant in his capacity of Forest Insect Manager of the Maine Forest Service. By affidavit of Kenneth G. Stratton, Director of the Maine Bureau of Forestry, filed with this Court on November 4, 1981, we are informed that A. Temple Bowen, Jr. has re-signed from his position as Forest Insect Manager of the Maine Forest Service as of October 19, 1981 and that Ancyl S. Thurston is now the Acting Forest Insect Manager. We have revised the caption to reflect this change in identity of the parties as required by M.R.Civ.P., Rule 25(d)(1).

denied the appeal on its merits. Globe Air appeals from the Superior Court judgment to this Court pursuant to 5 M.R.S.A. § 11008(1). It appearing that the spraying contract has been fully executed, we view the case as moot and dismiss the appeal for that reason, without any intimation of our views on the merits thereof.

## Facts

On January 27, 1981, the Bureau of Forestry solicited bids for aerial spraying to suppress the spruce budworm in certain areas of the State of Maine. Following a pre-bid conference on February 26, 1981, Globe Air and Biegert Aviation were the only two of the several bidders to submit bids for the whole project. Based on a Review Committee's evaluation of the bids made under a matrix system of assigned numerical values to each of the several criteria set forth in the bid specifications, the Bureau awarded the contract to Biegert Aviation as the "lowest responsible bidder," even though its bid was approximately $300,000 higher than that of Globe Air.

Unable to get the Bureau to reconsider its decision, Globe Air filed its petition for review of the agency action in the Superior Court on April 6, 1981, the very day the award was announced. Due to the fact that the contract contemplated performance in the months of May and June, 1981,

the trial court set an early hearing date, to wit, April 17, 1981, so as to assure the parties their day in court. After fully considering several claims of alleged illegality on the part of the Bureau in the award of the contract to Biegert Aviation, the Superior Court on April 22, 1981 resolved all issues against Globe Air and, as indicated previously, denied it any relief on April 22, 1981. Spraying under the contract was begun on May 21, 1981 and completed on June 16, 1981. Globe Air did not apply for a stay of the agency decision either to the Bureau or to the Superior Court as it could have pursuant to 5 M.R.S.A. § 11004.[2] Globe Air's notice of appeal to the Law Court was filed on April 24, 1981; its motion for expedited appeal was denied on April 28, 1981. The defendant-appellee moved to dismiss the appeal as moot on May 21, 1981. By order of June 3, 1981, this motion was consolidated with the appeal on the merits for the filing of written briefs and oral argument thereon.

## The Mootness Issue

In an attempt to sidestep the issue of mootness, Globe Air in its brief and oral argument before this Court prays that its appeal be allowed and the matter be remanded to the Superior Court for the establishment of damages, allegedly pursuant to 5 M.R.S.A. § 1819,[3] on the theory that, as-

2. 5 M.R.S.A. § 11004 provides as follows:
   The filing of a petition for review shall not operate as a stay of the final agency action pending judicial review. Application for a stay of an agency decision shall ordinarily be made first to the agency, which may issue a stay upon a showing of irreparable injury to the petitioner, a strong likelihood of success on the merits, and no substantial harm to adverse parties or the general public. A motion for such relief may be made to the Superior Court, but the motion shall show that application to the agency for the relief sought is not practicable, or that application has been made to the agency and denied, with the reasons given by it for denial, or that the action of the agency did not afford the relief which the petitioner had requested. In addition, the motion shall show the reasons for the relief requested and the facts relied upon, which facts, if subject to dispute, shall be supported by affidavits. Reasonable notice of the motion shall be given to all parties to the agency proceeding. The court

may condition relief under this rule upon the posting of a bond or other appropriate security, except that no bond or security shall be required of the State or any state agency or any official thereof.

3. 5 M.R.S.A. § 1819, entitled *unlawful purchases* reads in full as follows:
   Whenever any department or agency of the State Government, required by chapters 141 to 155 and rules and regulations adopted pursuant thereto, applying to the purchase of services, supplies, materials or equipment through the State Purchasing Agent, shall contract for the purchase of such services, supplies, materials or equipment contrary to chapters 141 to 155 or the rules and regulations made hereunder, such contract shall be void and have no effect. If any such department or agency purchases any services, supplies, materials or equipment contrary to chapters 141 to 155 or rules and regulations made hereunder, the head of such

suming the status quo prior to the execution of the contract could not be restored by mandatory equitable relief, nevertheless, the Superior Court, even though originally approached for such relief, may retain jurisdiction to decide the entire controversy, including the assessment of damages recoverable usually in a court of law. *See Matter of International Paper Co., Androscoggin Mill Expansion*, Me., 363 A.2d 235 (1976), at 241, n. 3. Without intimating any opinion respecting the scope of 5 M.R.S.A. § 1819 in connection with recovery of costs or other moneys where an unlawful purchase is made by a department or agency of State Government, we note two insurmountable obstacles in the way of Globe Air's specific remand request.

First, this issue of damages was not raised as an alternative claim in the Superior Court, pursuant to 5 M.R.S.A. § 11002(2).[4] This Court will not entertain issues raised for the first time on appeal or grant relief on the basis of a theory not presented to the lower court, absent exceptional circumstances amounting to a plain miscarriage of justice. *Teel v. Colson*, Me., 396 A.2d 529, 534 (1979); *Emerson v. Ham*, Me., 411 A.2d 687, 690 (1980).

But, more importantly, in the instant case the Superior Court, in entertaining Globe Air's petition for review of final agency action of the Maine Bureau of Forestry under 5 M.R.S.A. §§ 11001–11008, was not exercising plenary equity or at law jurisdiction pursuant to 4 M.R.S.A. § 105 (the charter of its general powers). Judicial review of administrative action or inaction as provided by 5 M.R.S.A. § 11001 *et seq.* confers only specific and limited appellate jurisdiction, confined to the record upon which the agency decision was based, except as otherwise provided by section 11006, with power restricted to (section 11007(4)):

A. Affirm the decision of the agency;

B. Remand the case for further proceedings, findings of fact or conclusions of law or direct the agency to hold such proceedings or take such action as the court deems necessary; or

C. Reverse or modify the decision if the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by bias or error of law;

(5) Unsupported by substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion.

Its jurisdiction is not original, but is limited to issues and questions open before the agency from whose action the appeal is taken. *See City and County of Denver v. Lewin*, 106 Colo. 331, 105 P.2d 854 (1940); *Wagner v. North Dakota Board of Barber Examiners*, 186 N.W.2d 570 (N.D.1971); *Public Employment Relations Board v. Stohr*, 279 N.W.2d 286 (Iowa 1979); *Madsen v. Fendler*, 128 Ariz. 462, 626 P.2d 1094 (1981).

The Bureau of Forestry in its purchase of services for aerial spraying for spruce budworm suppression was bound by the provisions of 5 M.R.S.A. § 1816, which require the purchase to be made by competitive bidding, with the contract to be awarded to the "lowest responsible bidder," within the meaning of subsection 7 thereof. Section 1819 providing personal liability for costs against the head of any department or agency making unlawful purchases or permitting an action for the recovery of state

department or agency shall be personally liable for the costs thereof, and if such services, supplies, materials or equipment are so unlawfully purchased and paid for out of state moneys, the amount thereof may be recovered in the name of the State in an appropriate action instituted therefor.

4. 5 M.R.S.A. § 11002(2) reads as follows:

The petition for review shall specify the persons seeking review, the manner in which they are aggrieved and the final agency action or agency inaction which they wish reviewed. It shall also contain a concise statement as to the nature of the action or inaction to be reviewed, the grounds upon which relief is sought and a demand for relief, *which may be in the alternative.* (Emphasis provided).

moneys paid out on the same obviously does not invest the agency itself with the enforcement thereof in case of violation. Since the agency had no jurisdiction to consider "damages" claimed by Globe Air, the Superior Court on review had no jurisdiction to entertain such a claim. Thus, we must reach the mootness issue.

It is a fundamental principle of appellate review that courts will not entertain an appeal when the issues underlying the litigation have become moot, except in the most extraordinary circumstances. *Graffam v. Wray*, Me., 437 A.2d 627 (1981). In its petition for review, Globe Air sought an order of the reviewing court reversing the Bureau's award of the spraying contract to Biegert Aviation and directing it to award the contract to Globe Air. Once spraying under the contract was fully carried out pending appeal to this Court, the contract, over the award of which the dispute between the parties arose, came to an end and nothing could be done to restore the status quo for possible judicial relief as requested. In other words, the matter was then moot. *Hazzard v. Westview Golf Club, Inc.*, Me., 217 A.2d 217 (1966). The rule has been extended to judicial review of administrative action. *See Cote v. Zoning Board of Appeals for City of Bangor*, Me., 398 A.2d 419 (1979).

Globe Air argues, however, that an exception to this rule should apply in this case, because interpretation of the purchasing statute under which this contract was awarded, (5 M.R.S.A. § 1816 (1979 & Supp. 1980–1981)), is a matter of grave public concern and because this controversy will probably recur and, if not decided now, will likely evade judicial adjudication. *Knowlton v. Rhodes*, Me., 413 A.2d 546, 548 (1980); *State v. Gleason*, Me., 404 A.2d 573, 578 (1979).

The existence of this controversy indicates a disagreement about the meaning of the term "lowest responsible bidder" in 5 M.R.S.A. § 1816.[5] Even if this were the kind of "continued uncertainty in the law" contemplated by *Knowlton*, Globe Air has not shown that the uncertainty entails such "serious social costs" as would call for the application of the exception. The only social cost cited by Globe Air is the additional $300,000 by which Biegert's bid exceeded that of Globe Air. If we assume that this entire amount is paid by the State, a point not clear to us from this record, we cannot say that this is a serious social cost under the circumstances of this case. It is entirely possible that inferior contract performance would result in long-term costs to the State from spruce budworm damage far in excess of $300,000. The primary effect of a decision by this Court on the question presented by Globe Air would be that of an advisory opinion, which we decline to offer.

> Appellate courts will not decide moot questions or abstract propositions, and will not declare, for the government of future litigation, principles or rules of law which cannot affect the result as to any issue pending before them.

*Hazzard v. Westview Golf Club, Inc., supra,* 217 A.2d at 226.

We also find that this case does not present a recurrent controversy otherwise

---

5. 5 M.R.S.A. § 1816 reads in pertinent part:

§ 1816. *Bids, awards and contracts*

1. Purchases by competitive bidding. Except as otherwise provided by law, or by rules and regulations adopted pursuant to this chapter, the State purchasing agent shall make purchases of services, supplies, materials and equipment needed by the State or any department or agency thereof by competitive bidding;

\* \* \* \* \* \*

7. *Awards to lowest bidder.* Except as otherwise provided by law, orders awarded or contracts made by the State Purchasing Agent or by any department or agency of the State Government shall be awarded to the lowest responsible bidder, taking into consideration the qualities of the services, supplies, materials or equipment to be supplied, their conformity with the specifications, the purposes for which they are required, the date of delivery and the ultimate cost thereof to the State, it being the intent and purpose, as previously stated, that the State Purchasing Agent shall purchase collectively all services, supplies, materials and equipment for the State or any department or agency thereof in a manner that will best secure the greatest possible economy consistent with the grade or quality of the services, supplies, materials and equipment best adapted for the purposes for which they are needed;

evading review, as referred to in *Knowlton, supra.* There is no evidence of any previous dispute between these parties, or among others, over the award of a spruce budworm spraying project. Annual spraying has taken place for at least ten years. There may or may not be such a project in 1982. The plaintiff may or may not bid on such a contract. The defendant may or may not use a similar method of evaluating the bids. Future aggrieved parties might secure a stay of the agency award pursuant to 5 M.R.S.A. § 11004. Globe Air has not provided evidence to support a reasonable expectation that it will be subjected to the same action again. *See Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975).

Because the completion of performance under the contract has rendered Globe Air's petition for injunctive relief moot, we do not reach the substantive issues raised by Globe Air.

The entry will be:

Motion to dismiss appeal granted.

Appeal dismissed.

All concurring.