**SENATOR CORPORATION**

v.

**STATE of Maine, DEPARTMENT OF TRANSPORTATION.**

Supreme Judicial Court of Maine.

Argued Jan. 4, 1983.

Decided April 15, 1983.

Sanborn, Moreshead, Schade & Dawson, Linda B. Gifford (orally), Peter T. Dawson, Augusta, for plaintiff.

Thomas Reeves (orally), Dept. of Transp., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

The Senator Corporation appeals from a judgment of the Superior Court, Kennebec County, denying the company's Petition for Review of a decree by the Commissioner of the Maine Department of Transportation ("Department") requiring the company to remove an advertising sign. We sustain the appeal and reverse the judgment.

The Senator Corporation, owner of the Senator Inn and Restaurant in Augusta, erected a sign facing the Maine Turnpike in 1960. In 1979, pursuant to the Maine Traveler Information Services Act, 23 M.R.S.A. §§ 1901–1925 (1980) ("Billboard Act"), the Department sent the Senator Corporation a sign removal notice. The removal notice was affirmed by the Commissioner after a Department hearing and, after the company's Petition for Reconsideration was denied, the company appealed the Commissioner's decree to the Superior Court.

Prior to the Superior Court's decision on the Senator Corporation's appeal, the United States Court of Appeals for the First Circuit ruled, in *John Donnelly & Sons v. Campbell,* 639 F.2d 6 (1st Cir.1980), that the entire Billboard Act was an unconstitutional violation of the First Amendment; the court, however, stayed its mandate pending appeal to the United States Supreme Court. The Maine Legislature then simultaneously repealed the Billboard Act and re-enacted it in slightly amended form to meet the First Circuit's objections. *See* 23 M.R.S.A. §§ 1901–1925 (Supp.1982–1983) ("Re-enacted Billboard Act"). The Supreme Court affirmed *Donnelly* without opinion, 453 U.S. 916, 101 S.Ct. 3151, 69 L.Ed.2d 999 (1981), and the *Donnelly* mandate was issued effective when first decided by the First Circuit.

The Superior Court decision in the instant case, issued almost a year after the Supreme Court ruling in *Donnelly,* affirmed the Commissioner's decree mandating removal of the Senator Corporation's sign. The Superior Court did, however, stay its order pending the Senator Corporation's appeal to the Law Court. Shortly thereafter, the Department issued the company a new sign removal notice, this one pursuant to the Re-enacted Billboard Act. After the Senator Corporation's request for an administrative hearing was denied by the Department, the company appealed that denial and obtained a stay of Department sign removal proceedings from the Superior Court and a stay of Superior Court proceedings from the Law Court.

I.

■ The Senator Corporation contends that its dispute with the Department may be "amply decided" by the proceedings initiated by the Department under the Re-en-

acted Billboard Act. The company therefore urges this Court to find that the Department's decision to issue it a sign removal notice under the Re-enacted Billboard Act constitutes an "intervening circumstance" which "supersedes and replaces" the instant controversy and thus renders this appeal moot.

On several occasions, we have found that post-trial events have rendered a case moot. *See, e.g., Taylor v. Commissioner of Mental Health and Corrections,* 431 A.2d 1304, 1306–07 (Me.1981) (petitioner, prior to his appeal, obtained relief under a later petition which constituted all the relief he was legally entitled to); *Cote v. Zoning Board of Appeals,* 398 A.2d 419, 420 (Me.1979) (after oral argument before the Law Court, plaintiff conveyed his land and thus no longer needed the building permit being challenged); *School Administrative District No. 61 v. Lake Region Teachers Association,* 328 A.2d 393, 393–94 (Me.1974) (in action challenging Superior Court stay of arbitration hearing, teacher's association withdrew its grievance from arbitration prior to filing its notice of appeal). In each of these cases, however, there remained insufficient "practical effects flowing from the resolution of [the] litigation to justify the application of limited judicial resources." *State v. Gleason,* 404 A.2d 573, 578 (Me.1979). In the instant case, the Senator Corporation concedes that "[t]here is no question but that a controversy between the Senator and the Department continues to exist." We need only add that our resolution of this appeal, regardless of the outcome, will have a direct and immediate impact on the controversy. We therefore decline to rule this appeal moot.

## II.

The Senator Corporation also argues that the Supreme Court ruling in *Donnelly* required the Superior Court to vacate the Commissioner's decree ordering the removal of the company's sign. We agree.

■ A change in the law while a case is on direct review generally requires the reviewing court to apply the law as it exists at the time of the decision "unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Board,* 416 U.S. 696, 710–11, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476, 488 (1974). In this case we must first note that we are bound by the Supreme Court's decision, in *Donnelly,* that the entire Billboard Act was unconstitutional. *See State v. Howes,* 432 A.2d 419, 423 (Me.1981); *State v. Knowles,* 371 A.2d 624, 627–28 (Me.1977).

■ Where, as here, a statute has been declared unconstitutional, neither statutory direction nor legislative intent can validate proceedings under that statute. *See United States v. Chambers,* 291 U.S. 217, 223–24, 54 S.Ct. 434, 435–36, 78 L.Ed. 763, 766 (1934). Concerns over "manifest injustice" center on "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change of law upon those rights." *Bradley,* 411 U.S. at 717, 94 S.Ct. at 2019, 40 L.Ed.2d at 491–92. In this case, where a governmental agency is seeking to enforce a statute found violative of the First Amendment, we perceive no manifest injustice in ordering the vacation of the Department's decree. *See id.* at 718–21, 94 S.Ct. at 2019–21, 40 L.Ed.2d at 492–94; *United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49, 51 (1801).

■ Both parties to this appeal urge the Law Court to adopt the balancing test for retroactive application used by the Supreme Court. *See, e.g., Lemon v. Kurtzman,* 411 U.S. 192, 198–99, 93 S.Ct. 1463, 1468–69, 36 L.Ed.2d 151, 160–61 (1973). That test, however, as the Supreme Court has pointed out on several occasions, is applied only to judgments under collateral attack, not to cases on direct review. *See Bradley,* 416 U.S. at 710–11, 94 S.Ct. at 2016, 40 L.Ed.2d at 488;

*Linkletter v. Walker,* 381 U.S. 618, 621–27, 85 S.Ct. 1731, 1733–36, 14 L.Ed.2d 601, 604–07 (1965).

### III.

■ Although the Billboard Act cannot itself directly serve as a basis for the Department's sign removal notice, the Department suggests several other potential bases for upholding the Commissioner's decree. None, however, is sufficient.

#### A. *The Billboard Act*

First, the Department contends that the Superior Court properly ruled that the *Donnelly* decision should not be applied to vacate the Commissioner's decree because the provisions of the Billboard Act specifically applicable to the Senator Corporation's sign were not implicated in the First Circuit's decision. The Supreme Court, however, affirmed the First Circuit's ruling that the *entire* Billboard Act was unconstitutional. 453 U.S. 916, 101 S.Ct. 3151, 69 L.Ed.2d 999, *aff'g* 639 F.2d 6. Such a ruling does not now permit the Superior Court to elect to enforce particular portions of the Act that it deems severable and constitutional. *See also Donnelly,* 631 F.2d at 16–25 (Pettine, J., concurring in judgment) (suggesting that even a ban only on commercial speech by billboard might also be unconstitutional); *but see id.* at 15 (majority opinion).

#### B. *The Re-enacted Billboard Act*

The Superior Court also based its affirmance of the Commissioner's decree on the fact that, because the Legislature simultaneously repealed and re-enacted the Billboard Act in almost identical form, the initial Act carried forward without interruption. *See State v. Bean,* 159 Me. 455, 461, 195 A.2d 68, 71 (1963). Even assuming, however, that the Re-enacted Billboard Act

stands up to constitutional scrutiny, the provisions carried forward were part of a wholly unconstitutional statute. Although those provisions may operate constitutionally as part of the Re-enacted Billboard Act, they do not lose their unconstitutional character as part of the original Billboard Act merely by being carried forward.

#### C. *The Previous Billboard Act*

The Department next looks to the general rule that, when an unconstitutional statute is struck down, any provision within it repealing a prior statute is also rendered void and the prior statute is reactivated. *See* 73 Am.Jur.2d, *Statutes,* § 382. Thus, according to the Department, the Outdoor Advertising Act, 32 M.R.S.A. ch. 38, repealed by the Billboard Act, P.L.1977, ch. 494 § 2, controls the instant case.[1]

Reactivation, however, is only a rule of construction, 73 Am.Jur.2d, *Statutes,* § 382, and the Legislature's drafting of the Re-enacted Billboard Act clearly indicates that the Legislature did not intend to reactivate the Outdoor Advertising Act. First, such reactivation would result in the simultaneous existance of that act and the Re-enacted Billboard Act, a result we do not believe the Legislature intended. Second, a section in the Re-enacted Billboard Act itself suggests the Legislature's intent as to the Outdoor Advertising Act—it is titled "License or permits under repealed Title 32, chapter 38 [Outdoor Advertising Act]." 23 M.R.S.A. § 1924 (Supp.1982–1983).

#### D. *Independent Billboard Act*

The Department finally argues that 23 M.R.S.A. § 1152 (1980) provides an independent basis for its proceedings against the Senator Corporation. The statute, however, does not provide a means for removing the Senator Corporation's sign. Section

---

1. The general statutory savings clause, which notes that the "repeal of an Act ... does not revive any statute ... in force before the Act ... took effect," 1 M.R.S.A. § 302, (1979) does not address the effect on a prior act of a statute being declared unconstitutional.

1152's only enforcement provision reads: "Any person violating this section shall be guilty of a misdemeanor." Regardless of the Senator Corporation's compliance or non-compliance with the requirements of § 1152, therefore, that statute cannot provide an independent basis for the Department's sign removal notice.

## IV.

We hold that the Department's proceedings under the Billboard Act against the Senator Corporation were invalidated by the Supreme Court's decision in *Donnelly* and that no other statute provides an independent basis for the Department's actions. We therefore need not consider the other issues raised by the Senator Corporation in this appeal.

The entry is:

Appeal sustained.

Judgment reversed.

All concur.