STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-47
DHM-KEN- 3/8/2001

FAMILIES UNITED OF
WASHINGTON COUNTY, INC.,

Petitioner

v.

DECISION AND ORDER

STATE OF MAINE,
DEPARTMENT OF HUMAN
SERVICES AND STATE OF
MAINE DEPARTMENT OF
ADMINISTRATIVE AND
FINANCIAL SERVICES,
DIVISION OF PURCHASES,

Respondents

This matter is before is before the court on petitioner's M.R. Civ. P. 80C petition from final agency action which dismissed an appeal of a contract award on grounds of mootness.

Families United of Washington County (Families) is an organization that provides a variety of support and mental health services to families in Washington and Hancock Counties. In February of 1998, the Department of Human Services (DHS) issued a Request for Proposal (RFP) seeking bids for the award of a contract to provide domestic violence response services in Washington County. The evaluation process was selected by the Division of Purchases and Support Services to rate the proposals using numerically-scored evaluation criteria. DHS awarded the contract to Washington-Hancock County Agency (WHCA) with Families finishing last. Families filed a timely appeal of the contract award decision alleging problems

with the reviewing process along with biased and arbitrary scoring resulting in an arbitrary or capricious reward. The Appeal Committee convened by Department of Administrative and Financial Services (DAF) agreed with Families and, per statutory authority, invalidated the contract award to WHCA.

DHS decided that it would not issue a new RFP but rather chose to re-submit the old proposals to a new team of reviewers. This was completed in August of 1998. The result was the same as the first bidding process, i.e., WCHA was again awarded the contract. Families filed an appeal of this decision which was denied without a hearing by letter of October 26, 1998. Families appealed this decision to the Superior Court (*Atwood, J.*). The court remanded the case back to DAF with instructions to act on the appeal.

On April 18, 2000, a second Appeal Committee convened by DAF conducted a hearing at which both parties presented evidence. Included in this evidence was a statement by petitioner that it did not want to conduct the services for which it submitted a bid. The Committee found that although Families was considered an "aggrieved person" under the regulation which gave them standing to appeal, its subsequent declaration that it does not want to provide the domestic violence services requested by the RFP renders the matter moot and requires dismissal of its appeal. The Committee further elaborated, stating that petitioner's position is "tantamount to a withdrawal of its proposal." The Committee dismissed the appeal as moot.

The petitioner's position is that the regulations do not allow the Committee to dispose of a case as it did, that is, dismiss it as moot. There is little counterargument put forth by the respondent on this point. The agency rules at Section 4(1) states in relevant part: "The actions of the Committee are limited to one of the following: A. Validate the contract award decision under appeal. B. Invalidate the contract award decision under appeal."

The Appeals Committee did not observe the delimiting rules which require it to either validate or invalidate the contract award. DHS argues that an agency should not be expected to waste its resources on a matter which it cannot resolve. Here, the agency's decision was based on Families' statement that they do not have any desire to perform the services contemplated by the RFP. For support, DHS cites to *Walsh v. City of Brewer*, 315 A.2d 200 (Me. 1974), in which the court disallowed the plaintiff to invoke the permit process or judicial review process because it did not have title to the land in question. The passage, quoted by both parties, states that, "absent clear and unquestionable legislative expression manifesting a different legislative attitude, governmental officials and agencies should not be required to dissipate their time and energies in dealing with persons who are 'strangers' to the particular governmental regulation and control being undertaken." *Id.* at 207 n.4. This applies to the present case. The regulation, based upon similar language in Title 5 M.R.S.A. § 1825-E, provides the only means by which the appeal committee can dispose of a case.

The petitioner further argues that even if the agency could dismiss the case as moot, it applied the doctrine of mootness incorrectly. Specifically, petitioner argues that it is vested with the "requisite interest" by virtue of the fact that it meets the definition of an "aggrieved person" and has done so throughout the litigation process. An "aggrieved person" means any person who bids on a contract and who is adversely affected financially, professionally or personally by that contract award decision by that contract award decision. 5 M.R.S.A. § 1825-A(1). Inasmuch as it remains an aggrieved person by the bid award, it remains an aggrieved person and it continues its standing. Furthermore, this court is confined to an examination of whether the agency acted outside its authority. Because it is uncontested that Families is an aggrieved person and because the agency is obligated to dispose of such a case on its merits, the agency has acted ultra vires.

Numerous practical effects of such a procedure at the administrative level abound. The intent of the appeal procedure governing the competitive bid process is, among other things, to imbue confidence that the bidding process is fair. This goal would be substantially debilitated if the Appeals Committee was allowed the discretion to decide when it would and would not reach the merits of cases before it. The statement of fact of the legislative document and the rules reveals that the Committee must dispose of every case on the merits which an aggrieved person brings before it. 114th Legislature, Second Regular Session (1990), L.D. No. 2277.

The respondent incorrectly represents that *Globe Air, Inc. v. Thurston*, 438 A.2d 884, 887 (Me. 1981) supports its position that the administrative body can apply

4

the doctrine of mootness. *Globe Air* simply states that it "is a fundamental principle of appellate review that courts will not entertain an appeal when the issues underlying the litigation have become moot...." "The rule has been extended to judicial review of administrative action." *Id*. *Globe Air* is silent as to whether an administrative agency can dismiss a case as moot.

The entry will be:

The decision of the agency is REVERSED; this matter is REMANDED to the Maine Department of Human Services and Maine Department of Administrative and Financial Services, Division of Purchases, for further proceedings in accordance with this order.

Dated: March___, 2001

Donald H. Marden
Justice, Superior Court

Date Filed __7/26/00__ __Kennebec__ Docket No. __AP00-47__
County

Action __Petition for Review__
80C

# J. MARDEN

Families United of Washington County, Inc.VS· Dept. of Human Services, et al

| Plaintiff's Attorney | Defendant's Attorney AG |
|---|---|
| Thomas C. Johnston, Esq.<br>P.O. Box 1210<br>Bangor, Maine 04402-1210 | ~~XXXXXXXXXXXXXXXXXXXXXX~~ Renee'Guignard, AAG<br>~~XXXXXXXXXXXXXXXXXXXXXXX~~<br>6 State House Station<br>Augusta, Maine 04333-0006<br><br>-John McCarty Esq  (Washington Hancock)<br>PO Box 1401<br>Bangor Maine  04401 |

| Date of Entry | |
|---|---|
| 7/27/00 | Petition for Judicial Review of Final Agency Action Pursuant to M.R.Civ.P. 80C, filed. s/Johnston, Esq.  (filed 7/26/00)   (attached exhibits A-I) |
| 8/3/00 | Letter from attorney Jane Gregory, AAG. entering appearance, filed. |
| 8/24/00 | Letter from attorney McCarthy entering appearance for Washington Hancock Community Agency, filed. |
| 8/28/00 | Certification of Record, filed. s/Gregory, AAG  **(in vault on shelf)** |
| 8/29/00 | Notice of briefing schedule mailed to attys of record. |
| 10/10/00 | Petitioner's Brief, filed. s/Johnston, Esq.  (fled 10/6/00) |
| 11/2/00 | Motion for Enlargement of Time in Which to File Respondents' Brief, filed. s/Guinard, AAG<br>Proposed Order, filed. |
| 11/3/00 | ORDER ON MOTION FOR ENLARGEMENT OF TIME IN WHICH  TO FILE RESPONDENTS' BRIEF, Marden, J.<br>This matter having come before the Court on the Respondents' Motion for Enlargement of Time, the Court hereby finds that circumstances warrant an enlargement of time up to and including November 20, 2000, within which the Respondents may file their brief.<br>Copies mailed to attys. of record. |
| 11/7/00 | Letter, filed.  s/J. McCarthy, Esq.  RE:  No objection to the request for enlargement of time. |
| 11/20/00 | Respondents' Brief Pursuant to M.R.Civ.P. 80C, filed. s/Guignard, AAG |
| 11/27/00 | Brief of Intervenor, Washington Hancock Community  Agency, filed. s/McCarth Esq. |
| 12/6/00 | Petitioner's Reply Brief, filed. s/Johnston, Esq. |
| 2/20/01 | Letter entering appearance, filed. s/Guignard, AAG |