STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
Docket No. CV-08-539

MACIMAGE OF MAINE LLC,

    Plaintiff,

v.

HANCOCK COUNTY, et al.,

    Defendants.

ORDER

Before the court are (1) a motion by defendant Julie Curtis, Register of Deeds for Hancock County, to dismiss certain claims that have been brought against her in her personal capacity and (2) a motion by plaintiff MacImage of Maine LLC to amend its complaint to assert certain tort claims against Curtis in her individual capacity.

Most of the counts in MacImage's complaint are brought against Hancock County and allege that Hancock County breached certain contracts and agreements with MacImage (Counts II and III), that Hancock County is liable for unjust enrichment (Counts IV and V), and that MacImage is entitled to recovery in quasi-contract or quantum meruit as against the County (Counts VI and VII). The two counts at issue on this motion are brought against both Hancock County and against Curtis in her individual capacity. In Count I of its complaint, MacImage charges Hancock County and Curtis with violations of applicable competitive bidding statutes in connectio0n with the 2007 award by the County of a contract for indexing deeds recorded from 1790 to 1936 to a company other than MacImage. In Count IX of its complaint MacImage

brings a claim for promissory estoppel against Hancock County and Curtis in connection with the 1790 to 1936 indexing project.[1]

Curtis has moved to dismiss the claims brought against her in her individual capacity. MacImage has opposed that motion and has also moved to amend its complaint to assert tort claims against Curtis for fraud and tortious interference with a contractual relationship.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond a doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *In re Wage Payment Litigation*, 2000 ME 162 ¶ 3, 756 A.2d 217, 220.

1.      Claim Against Curtis Under Competitive Bidding Statutes (Count I)

Count I of the complaint alleges a violation of the competitive bidding statutes with respect to the 1790 to 1936 indexing contract and seeks an order invalidating the award of that contract, injunctive relief against Hancock County and Curtis governing to any future re-bidding of that contract, and "an award of lost profits to MacImage, interest, costs, attorneys fees and such other relief as may be appropriate." Complaint ¶ 78.

---

[1] In Count VIII of its complaint, MacImage has asserted a claim for promissory estoppel against Hancock County and Curtis with respect to payment for a different indexing project (covering the years 1972-76), but MacImage has acknowledged that this count should be dismissed as against Curtis because Curtis was not the Registrar of Deeds at the time the 1972-76 indexing project was negotiated.

Any injunctive relief awarded against Curtis would be awarded against Curtis in her official capacity and is not at issue on this motion.[2] To the extent that MacImage is seeking monetary relief on this claim, however, it is seeking such relief against the County and against Curtis in her individual capacity. The court concludes that, with respect to the claim for monetary damages brought against Curtis in her individual capacity, Curtis's motion to dismiss Count I should be granted.

This is true for three reasons. First, the competitive bidding statute relied upon by MacImage, 30-A M.R.S. § 124, does not contain any private right of action for damages.[3] The Law Court has emphasized that where the Legislature has not included any provision for a private damage action, it is "hesitant" to conclude that such a right should be implied. *Charlton v. Town of Oxford*, 2001 ME 104 ¶ 15, 774 A.2d 366, 372, citing *Larrabee v. Penobscot Frozen Foods Inc.*, 486 A.2d 97, 101 (Me. 1984) (when the Legislature deems it "essential that a private party have a right of action, it has expressly created one").

Second, while MacImage argues that a private right of action can be derived from 5 M.R.S. § 1819, that statute is only applicable to departments and agencies of <u>State</u> government. 5 M.R.S. § 1819 provides as follows:

> Whenever any department or agency of the State Government, required by [5 M.R.S. §§ 1501-1826-C] and rules and regulations adopted pursuant thereto, applying to purchase of services, supplies, materials or equipment through the State Purchasing Act, shall contract for the purchase of such services, supplies, materials or equipment contrary to [5 M.R.S. §§ 1501-1826-C] or the rules and

---

[2] If injunctive relief is entered against Curtis in her official capacity, she will be required to comply with that relief regardless of whether such relief is also entered against her in her personal capacity. The only difference is that relief awarded against a governmental official in his or her official capacity is also binding on that official's successors in office.

[3] 30-A M.R.S. § 124 provides, *inter alia*, that purchases by counties shall be governed by Title 5, Chapter 155, Subchapter I-A "as far as applicable." Title 5, Chapter 155, Subchapter I-A consists of 5 M.R.S. §§ 1825-A through 1825-J. None of those sections contains any private right of action for damages.

3

regulations made hereunder, such contract shall be void and have no effect. If any such department or agency purchases any services, supplies, materials or equipment contrary to [5 M.R.S. §§ 1501-1826-C] or rules and regulations made hereunder, the head of such department or agency shall be personally liable for the costs thereof, and if such services, supplies, materials or equipment are so unlawfully purchased and paid for out of state moneys, the amount thereof may be recovered in the name of the State in an appropriate action instituted therefor.

There is nothing in § 1819 or in the surrounding provisions in Title 5 that suggests that the reference to departments or agencies of "State Government" should also include county departments or agencies. Moreover, when the Legislature has wished to include political subdivisions of the State as well as the State itself within the provisions of laws applicable to government entities or officials, it has done so expressly. *See* 14 M.R.S. §§ 8102(1), (2), (3) (Maine Tort Claims Act).

MacImage argues that the reference to Title 5, Chapter 155, Subchapter I-A in 30-A M.R.S. § 124 indicates an intent to subject county officials to 5 M.R.S. § 1819. The problem with this argument is that 5 M.R.S. § 1819 is not contained in Title 5, Chapter 155, Subchapter I-A but is instead included in Title 5, Chapter 155, Subchapter I. The Legislature's decision in 30-A M.R.S. § 124 to subject counties only to Subchapter I-A therefore appears to reflect an intent not to subject counties to 5 M.R.S. § 1819.

Third, even if 5 M.R.S. § 1819 were applicable to county officials, that section appears to create a cause of action that can only be brought by the State – not a private right of action that can be brought by disappointed rival bidders. This is apparent from the last sentence of § 1819 read in its entirety ("the amount thereof may be recovered in the name of the State").[4]

---

[4] The Law Court expressly declined to reach this issue in *Globe Air Inc. v. Thurston*, 438 A.2d 884, 886 (Me. 1981).

4

## 2. Promissory Estoppel as to 1790-1936 Index (Count IX)

MacImage's promissory estoppel claim against Curtis for damages in her individual capacity also fails as a matter of law. First, if Curtis was authorized by the County to make enforceable promises to MacImage, then MacImage's remedy lies against the County, not against Curtis. Alternatively, if – as defendant Curtis argues – she was not authorized to make any of the promises alleged in the complaint, then MacImage cannot bring a claim for either promissory estoppel or equitable estoppel against the County. *See Cottle Enterprises Inc. v. Town of Farmington*, 1997 ME 78 ¶ 17, 693 A.2d 330, 335-36. Finally, MacImage has not offered any authority for the proposition that, if a government official makes unauthorized promises or representations, the result will be to bind the government official personally as a party to the contract.

To the extent that MacImage has any damage remedy against Curtis personally if it proves the wrongdoing by Curtis alleged in the complaint, its remedies would lie in tort – which are the subject of MacImage's motion to amend.

## 3. MacImage's Motion to Amend

As noted above, at the time it filed its opposition to Curtis's motion to dismiss, MacImage also moved to amend its complaint to assert tort claims for fraud and intentional interference with contract against Curtis in her individual capacity. County officials may be sued on tort claims in their individual capacities pursuant to the terms of the Maine Tort Claims Act. In this case, the court sees no impediment to the assertion of the tort claims in the amended complaint, without prejudice to any defenses

5

Curtis may assert under the Tort Claims Act. *See, e.g.,* 14 M.R.S. §§ 8104-D (limitation on damages), 8107 (notice requirement), 8111 (immunity defenses).[5]

The entry shall be:

Defendant Curtis's motion to dismiss Count VIII of the complaint as against her in her personal capacity is granted without objection. Defendant Curtis's motion to dismiss Counts I and IX of the complaint as against her in her personal capacity is granted with respect to any claims for damages asserted against her personally. This order shall not affect any claims for injunctive relief asserted against Curtis in Counts I and IX.

Plaintiff's motion for leave to amend its complaint to add Counts X and XI against Curtis in her individual capacity is granted. Defendant Curtis shall have 20 days from the date of this order to serve her answer to the amended complaint. Since the proposed amended complaint adds certain paragraphs in addition to Counts X and XI, the remaining defendants shall also have 20 days from the date of this order to file an answer to the amended complaint.

The clerk is directed to incorporate this order on the docket pursuant to Rule 79(a).

DATED:     May _11_ , 2009

Thomas D. Warren
Justice, Superior Court

---

[5]     Curtis argues that MacImage could not justifiably have relied on any alleged misrepresentations she made. That is an issue that cannot be resolved on a motion to dismiss.

6

MACIMAGE OF MAINE LLC VS HANCOCK COUNTY ET ALS
UTN:AOCSsr  -2008-0104071                    CASE #:PORSC-CV-2008-00539
--------------------------------------------------------------------------
SEL VD                                 REPRESENTATION TYPE      DATE
01 0000006889 ATTORNEY:MARCHESI, PETER
ADDR:27 TEMPLE ST PO BOX 376 WATERVILLE ME 04903-0376
     F FOR:HANCOCK COUNTY                     DEF        RTND   11/05/2008
     F FOR:HANCOCK COUNTY COMMISSIONERS       DEF        RTND   11/05/2008


02 0000007564 ATTORNEY:WALL, JOHN
ADDR:95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046
     F FOR:JULIE A CURTIS                     DEF        RTND   10/08/2008


03 0000008549 ATTORNEY:SCHUTZ, SIGMUND D
ADDR:ONE CITY CENTER PO BOX 9546 PORTLAND ME 04112-9546
     F FOR:MACIMAGE OF MAINE LLC              PL         RTND   09/15/2008


            Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:


Select the EXIT KEY for page selection line.