*In re* ESTATE OF LELIA A. WEIR, Deceased—(Rebecca Zaborac, Petitioner-Appellee, *v.* Marie Adams, as Adm'r of the Estate of Lelia Weir, Deceased, and as Heir and Ex'r of the Estate of Naomi Hoffman, Deceased, Respondent-Appellant).

Third District   No. 3—83—0230

Opinion filed December 14, 1983.

Tom B. Ewing, of Lewiston, for appellants.

Ralph Froehling, of Froehling, Taylor & Weber, of Canton, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

Marie Adams, as former administrator of the estate of Lelia Weir, and as executor of the estate of Naomi Hoffman, her mother, appeals from the decision and judgment of the circuit court in this probate matter. Adams was appointed administrator of the estate of Lelia Weir in March 1982, her petition indicating that Lelia Weir died on September 6, 1981, leaving no will. Subsequent to Adams' appointment, Rebecca Zaborac, appellee herein, filed a petition for probate of will and letters testamentary, requesting admission to probate of a lost will of the decedent, dated April 26, 1978. A copy of the will was attached to the petition. A hearing on the admission of the lost will to probate, as Lelia Weir's last will and testament, was scheduled and the trial court authorized Marie Adams, as sitting administrator of the estate, to employ counsel, on behalf of the estate and at estate expense, to represent the estate in that proceeding. Marie Adams did so and vigorously attacked the validity of the April 26, 1978, will as the decedent's valid last will and testament. A hearing on the admission of the lost will to probate was held over two days, in June of 1982, before the trial judge. A number of witnesses testified concerning that will and concerning Lelia Weir's intention respecting the disposition of her property upon death. The focus of the hearing was a mimeographed copy of the April 26, 1978, will made by Lelia Weir and actions and statements by her respecting the main beneficiary thereunder, Rebecca Zaborac. At the conclusion of the hearing, which produced much conflicting testimony as to Lelia Weir's intentions and attitudes, the trial judge found that the presumption of revocation by failure to produce the original had been overcome by petitioner, Rebecca Zaborac. The court admitted the April 26, 1978, will to probate as Lelia Weir's last will and testament. Its order appointed Rebecca Zaborac as executor, named in the will, and the court also revoked the letters of administration previously issued to Marie Adams. Notice of the admission of the will to probate (Ill. Rev. Stat. 1981, ch. 110½, par. 6—10) and of the heirs' rights to file a petition for formal proof

of the will, under section 6—21 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 6—21) was sent to the 51 heirs of the decedent, including Naomi Hoffman, a cousin of Lelia Weir and mother of Marie Adams.

Following the decision of the court in June, admitting the will to probate, post-trial motions were filed in July by Marie Adams and Naomi Hoffman. The Hoffman petition for formal proof of will, under section 6—21 of the Probate Act of 1975, was filed in August 1982. Zaborac responded to the petition for formal proof from Hoffman, and to another petition from one Karen Rynearson, by filing motions to strike the petitions. A hearing, on all pending motions, was held in March 1983, before the trial judge. The trial court, at the conclusion, denied the post-trial motions and granted Zaborac's motion to strike the Hoffman petition for formal proof of the will. Notice of appeal followed, with Marie Adams, as former administrator of the estate of Lelia Weir, appealing from the denial of her post-trial motion for vacature of the June order admitting the will to probate, or, alternatively, a new hearing on that matter. Marie Adams, as executor of the estate of Naomi Hoffman, deceased, also appealed from the denial of Hoffman's petition for formal proof of the will.

■ The first issue on appeal is whether the court erred in its finding that the presumption of revocation, arising from nonproduction of the original April 1978 will, was overcome by the evidence presented by petitioner, Rebecca Zaborac. We find no error in the court's conclusion. The law respecting lost wills is well established.

"Where a last will and testament, after its execution, is retained by the testator and cannot be found upon his death, it is the well-settled rule of this and of the majority of jurisdictions that it will be presumed to have been destroyed by him *animo revocandi.* [Citations.] The same cases establish that the presumption is subject to being rebutted by circumstances which tend to show a contrary conclusion, and that the burden is on one seeking to probate such a will to prove that it was unrevoked at the testator's death." (*In re Estate of Moos* (1953), 414 Ill. 54, 57, 110 N.E.2d 194, noted in *In re Estate of Netherton* (1978), 62 Ill. App. 3d 55, 57-58.)

Factors to be considered in addressing the rebuttal of the presumption include evidence as to statements from the testator that he did not intend to revoke the will, evidence that he entertained a kind and loving attitude toward the proposed beneficiary under the will, and evidence of other's access to the will prior to death. (*Jackson v. Jackson* (1971), 132 Ill. App. 2d 66, 71, 268 N.E.2d 62.) Especially note-

worthy in establishing a lack of revocation is evidence of a continuing friendly and loving relation, supplemented by declarations of the testator, subsequent to execution of the will and prior to and at the time of death, which indicate an unchanged attitude on the part of the testator relative to the disposition of his property. (*In re Estate of Moos* (1953), 414 Ill. 54, 61.) We find, on the basis of the record and evidence therein, which need not be detailed in this opinion, that the evidence before the trial court supported its findings and conclusions. The record clearly indicates that Lelia Weir directed the preparation of the April 26, 1978, will and that the will was executed and attested to on that date. Mrs. Zaborac was named executor under that will, and she and her husband were named residual legatees thereunder. The only special bequests totaled $10,000, thereby leaving most of the Weir estate to the Zaboracs under the will. In addition, there was considerable testimony, much of it from third parties, indicating Lelia Weir's attitude of love and affection for Rebecca Zaborac up to the time of Weir's death. On appeal, Marie Adams, in seeking to reverse the court's judgment, emphasizes other evidence contradicting the presence of such a relationship and indicating that harmonious relations between Zaborac and Weir did not exist. In such a situation, questions of credibility and the weight to be given evidence, are for the trial court to determine, and his findings will not be disturbed unless contrary to the manifest weight of the evidence. (*Brown v. Zimmerman* (1959), 18 Ill. 2d 94, 102, 163 N.E.2d 518; *In re Estate of Netherton* (1978), 62 Ill. App. 3d 55, 57, 378 N.E.2d 800.) We find the court's findings on the evidence amply supported in the record. Also present in the record is considerable testimony, again from third parties, establishing that the decedent made a number of declarations, some within days of her death, wherein she indicated that her property would pass to Rebecca Zaborac and her desire for the same. These statements by the decedent prior to her death reaffirm and further substantiate her continued satisfaction with the disposition of her property in the April 1978 will and her intention and direction as expressed in that will. Again, Marie Adams notes testimony from other witnesses contradicting the evidence of such declarations, but, as noted previously, such were matters of credibility and weight to be determined by the trial court. We have fully examined the evidence presented and find no error in the court's findings and judgment that the presumption of revocation was rebutted and that the April 26, 1978, will was the last will and testament of Lelia Weir.

■ The second assigned error relates to an evidentiary ruling by the trial court during counsel's cross-examination of Rebecca Zaborac.

During cross, counsel inquired as to Zaborac's intention to file a claim against the estate for services rendered, in the event she was not successful in probating the lost will. The court sustained objections to the question, finding that it pertained to matters not in issue before the court. It is now contended that the court's ruling prejudicially limited Adams' right to cross-examine Zaborac on a matter in issue, that is, the relationship between the decedent and Zaborac during the decedent's lifetime. The relationship, however, had been covered to a large extent previously. In response to cross, Zaborac had clearly indicated that she was not paid for her help by Weir and that payment was not a part of any agreement they had. She testified that she never asked for compensation, nor filed any claim for compensation. She did, in response to counsel's question, indicate her intention to file a claim for compensation in the future. Counsel then re-asked the question, inquiring if that was her intention should she prove unsuccessful in her attempt to probate the lost will. Objection to the latter was made and sustained. We find no prejudicial error in the court's ruling. Counsel had already elicited testimony indicating a future intention to file a claim for services. The circumstances under which such a claim would be filed, which was the focus of counsel's objected to question, were not the relevant facts. Rather, the relevant facts were the basis for such a claim for services. No question as to the basis for a future claim was asked by Adams' counsel. Moreover, counsel did produce other evidence, through his own witnesses, which indicated that there was a payment-for-services arrangement between Weir and Zaborac. Evidentiary rulings are within the discretion of the trial court, and absent an abuse of discretion resulting in prejudice to the party objecting, those rulings will not be disturbed. In light of the admission by Zaborac that she intended to file a claim, and the other evidence covering the arrangements between Weir and Zaborac, we find no reversible error in the decision of the trial court as to this evidentiary ruling.

■ Counsel for respondent Marie Adams next contends that the judgment of the circuit court must be reversed because the court lacked jurisdiction to hear the petition for probate of the will. The argument is that the Probate Act of 1975 requires prior notice to heirs and legatees of a hearing of a petition to admit a will to probate, where the subject is a lost will, and that such prior notice was not given in the instant case. This position is without basis. Section 6—4 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 6—4) is the section governing admissions of wills to probate, and it pertains to petitions, whether based upon fully executed originals or the pro-

bate of lost wills. (See *In re Estate of Millsap* (1979), 75 Ill. 2d 247, 250-54, 388 N.E.2d 374.) Nothing in section 6—4 requires prior notice to heirs and legatees of such a petition. Furthermore, section 6—10 (Ill. Rev. Stat. 1981, ch. 110½, par. 6—10), relied upon by Adams, expressly requires notice within 14 days *after* entry of the order admitting a will to probate. This section was complied with by Zaborac. Section 6—21 (Ill. Rev. Stat. 1981, ch. 110½, par. 6—21) sets forth the procedure for interested parties, who receive notice under section 6—10, to request and obtain formal proof of the will after admission under the abbreviated procedures of section 6—4. Nothing in these sections indicates or suggests that prior notice of a hearing on the petition to admit a will to probate must be given heirs and legatees. The express provisions are clearly otherwise. The court had jurisdiction to proceed on the hearing concerning Zaborac's petition for probate of the will.

■ The final issue before us is whether the court erred in denying the petition for formal proof of the will on behalf of the estate of Naomi Hoffman, Marie Adams, executor. Section 6—21 states:

> "Formal proof of will. If a will has been admitted to probate before notice in accordance with Section 6—4, any person entitled to notice under Section 6—10 may file a petition within 42 days after the effective date of the original order admitting the will to probate to require proof of the will pursuant to this Section. The court must set the matter for hearing upon such notice to interested persons as the court directs. At the hearing the proponent must establish the will by testimony of the witnesses as provided in subsection 6—4(b)(1) or Section 6—5 or other evidence as provided in this Act, but not as provided in subsection 6—4(b)(2) or subsection 6—4(b)(3) [permitting proof by attestation clause or affidavit], as if the will had not originally been admitted to probate. If the proponent establishes the will by sufficient competent evidence, the original order admitting it to probate and the original order appointing the representative shall be confirmed and are effective as to all persons, including creditors, as of the dates of their entries, unless there is proof of fraud, forgery, compulsion or other improper conduct, which in the opinion of the court is sufficient to invalidate or destroy the will. ***." (Ill. Rev. Stat. 1981, ch. 110½, par. 6—21.)

Section 6—21 sets forth a procedure whereby interested persons entitled to notice under section 6—10, who have not been given prior notice of the hearing on the petition to admit a will to probate, may re-

quire formal proof of the will after its initial admission to probate. Clearly, the core circumstances addressed in this section are those in which the abbreviated procedure for proof of a will, under section 6—4(b)(2) of section 6—4(b)(3), has been utilized, without prior notice to heirs and legatees. However, the language of the statute is mandatory. The court must set a hearing on a petition for formal proof by a party who had no prior notice of the original hearing, and the proponent, at that hearing, must establish the will as set forth in the section. In the instant case, there are a number of unusual circumstances and considerations bearing upon Hoffman's petition for formal proof under section 6—21. As is apparent from the extensive evidence heard at the hearing in June of 1982, the hearing on Rebecca Zaborac's petition to admit the will to probate was not the abbreviated proceeding as provided for in sections 6—4(b)(2) and (b)(3). Extensive evidence, on both sides of the issue, was presented to the court. It was clearly an adversary proceeding, wherein the estate was represented by the court-appointed administrator, Marie Adams, who had been authorized by the court to obtain legal counsel, on behalf of the estate. Expenses for that legal representation were paid from estate assets. Thus, formal proof of the will was required and was presented at that hearing. Notice of the hearing had been given to Marie Adams, acting administrator of the Lelia Weir Estate, and the court authorized her to obtain counsel *to represent the Estate* at the hearing. It is established that an administrator or executor for an estate is impressed with fiduciary duties toward all the heirs and legatees. Such representatives are held to be trustees for all of the heirs and distributees. (*Christensen v. Christensen* (1927), 327 Ill. 448, 453, 158 N.E. 706.) Thus, Marie Adams, as acting administrator, had a fiduciary obligation to represent all beneficiaries under the intestate estate and was acting as the court-appointed representative of them at the hearing to probate the lost will. The record is clear that she and her counsel faithfully and vigorously advanced the interests of those persons by their prosecution of the case against probate of the April 1978 will. There is no allegation or evidence that the other beneficiaries under the intestate estate did not receive adequate and proper representation through Marie Adams, as acting administrator for the estate. In addition, Marie Adams, acting now as executor of the Estate of Naomi Hoffman, and not as administrator, is the person seeking formal proof under section 6—21. Noteworthy in this connection is the fact that Naomi Hoffman filed a post-trial motion seeking to vacate the order admitting the will to probate.

While the unique factual circumstances of the case pressure this

appellate court to conclude that the court did not err in striking the petition for formal proof under section 6—21, given Adams' prior participation as administrator in the initial hearing, we decline to do so. Such a conclusion would deprive heirs and beneficiaries, who had no notice of the hearing to admit a will to probate, of a chance to require formal proof, under section 6—21, with counsel of their own choosing, in situations wherein the estate was represented by an appointed representative at such hearing. They would be left to pursue claims that the appointed representative did not fulfill his obligations at such hearing in order to challenge the findings of the court. The requirements of the Probate Act of 1975 in section 6—21 are clear, direct and mandatory. We believe it best to enforce them to the letter, so as to ensure the rights of all interested persons in such proceedings. We would note that in cases of the probate of a lost will, in order to avoid the obligation to perhaps have to twice prove up such a will, the better procedure is to proceed to such a hearing only after giving notice to all heirs, legatees and devisees, except those who have filed entries of appearance. Thus, careful and prudent counsel can prevent the unfortunate result obtained in the present case.

For the reasons stated, the order of the circuit court striking Naomi Hoffman's petition for formal proof of the will, under section 6—21, is reversed and the cause remanded for a hearing pursuant to that section.

We further direct, however, that the hearing for formal proof of the will be limited to evidence relating to the execution of the will document, as provided in section 6—4(b)(1) and section 6—5. The revocation issue has been decided previously, at the initial proceeding, and may also arise within any will contest action as well.

The judgment of the circuit court of Fulton County is affirmed in part and reversed in part, and the cause is remanded for hearing on the petition of Naomi Hoffman for formal proof of the will, under section 6—21.

Reversed in part and affirmed in part, with remandment for further proceedings consistent with the views expressed in this opinion.

STOUDER, P.J., and BARRY, J., concur.