JAMES KINDRED, Petitioner-Appellant, v. THE HUMAN RIGHTS COM-
MISSION *et al.*, Appellees (International Harvester, Respondent).

Third District   No. 3—88—0320

Opinion filed March 17, 1989.

Richard M. Batcher, of Bozeman, Neighbour, Patton & Noe, of Moline,
for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Diane Curry-Grapsas, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

Oliver W. Loewy and Janet L. Jannusch, both of Keck, Mahin & Cate, of Peoria, for respondent International Harvester.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The Illinois Human Rights Commission (Commission) found that the respondent, International Harvester, had not terminated the petitioner's employment because of his age. The petitioner, James Kindred, appeals.

The record shows that on September 10, 1982, the respondent terminated the 52-year-old petitioner's employment after 30 years of service. The respondent had been suffering serious financial problems since 1980. The petitioner's termination was part of a massive work-force reduction which resulted in approximately 3,800 layoffs out of 4,350 total employees.

During his employment with the respondent, the petitioner worked in the plant protection department. Starting as a plant guard, he eventually worked his way up to chief of the department. After suffering a heart attack, he voluntarily stepped down in 1978 from the chief's post and worked as a lieutenant until his termination.

At the time of the petitioner's termination, his department had one chief and three lieutenants. Chief James Dickey was 41 years old. Lieutenants Morris Chambers and Lynn Klarkowski were, respectively, 40 and 30 years old. As part of the work-force reduction, one lieutenant's position was eliminated.

Tom Hansen, the respondent's director of human resources, discussed the situation with Dickey and decided to discharge the petitioner. He further decided to move Ronald Bjork, the 43-year-old plant safety supervisor, to the plant protection department. Hansen testified that he retained Bjork because, among other reasons, he had more experience in plant safety than did the petitioner. He retained Chambers because he had greater growth potential, had an advanced degree, had excellent writing and verbal skills, had developed the respondent's fire fighting plan, and had had better evaluations than the petitioner. He stated that he kept Klarkowski because she was promotable, was equally qualified with the petitioner, and was a woman.

The petitioner argued before the Commission that Hansen's reasons were pretextual and hid age discrimination. In support of his po-

sition, the petitioner presented evidence that he was more experienced and more qualified than several of the retained personnel.

The administrative law judge (ALJ) found that the petitioner had proved a *prima facie* case of age discrimination and that the respondent had in turn articulated legitimate nondiscriminatory reasons for the petitioner's discharge. The ALJ further found that the petitioner had failed to show direct evidence of age discrimination and had failed to show that the respondent's reasons were pretexts for age discrimination. The ALJ therefore recommended that the Commission dismiss the petitioner's complaint. The Commission subsequently dismissed the complaint with prejudice.

On appeal, the petitioner first argues that the Commission placed an improper burden of proof on him. The petitioner contends that instead of requiring him to prove his case by a preponderance of the evidence, the Commission required him to prove that his credentials were so superior that the reasons articulated by his employer were unworthy of credence.

■ In an age discrimination suit, the employee may prove his case with either direct or circumstantial evidence. (*McNeil v. Economics Laboratory, Inc.* (7th Cir. 1986), 800 F.2d 111.) In the indirect case, the employee must first prove a *prima facie* case of age discrimination. If the employer then articulates a lawful reason for the employee's dismissal, the employee has the burden of proving that the reason given by the employer is merely a pretext by showing that the discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence. *La Montagne v. American Convenience Products, Inc.* (7th Cir. 1984), 750 F.2d 1405.

■ We find the petitioner's argument unpersuasive. The petitioner's *prima facie* case was based on the circumstantial evidence that his credentials were superior to the credentials of several of the retained personnel. The respondent then articulated apparently legitimate reasons for its determination that the retained personnel had better credentials. At that point, the petitioner did not have to merely prove that his credentials were in fact superior. He had to prove that their superiority was so obvious that the respondent's reasoning was unbelievable and must be construed as merely a pretext for age discrimination. Accordingly, the Commission correctly paraphrased the *La Montagne* burden of proof to fit the facts of the instant case.

■ The petitioner's second argument on appeal is that the ALJ erred in refusing to allow one of the respondent's guards to testify that Chambers had told him that Dickey had stated that the petitioner

was too old for his job. He notes that this would have been direct evidence of age discrimination.

We agree with the petitioner that Dickey's alleged statement to Chambers was not hearsay, because it was not offered for the truth of the matter asserted. (*Lundberg v. Church Farm, Inc.* (1986), 151 Ill. App. 3d 452, 502 N.E.2d 806.) However, we find that Chambers' alleged statement to the guard was hearsay. It was offered for the truth of the matter asserted, *i.e.*, that Dickey had made the alleged statement to Chambers. Further, Chambers' alleged statement was not admissible under the state-of-mind exception to the prohibition on hearsay statements (*People v. Jones* (1980), 84 Ill. App. 3d 896, 406 N.E.2d 112), because at most it could only have shown Chambers' state of mind. Dickey's state of mind, not Chambers', was the relevant issue.

The petitioner's third argument on appeal is that the ALJ erred in barring his testimony regarding Chambers' qualifications.

■ In limited instances, a lay witness may give his opinions or conclusions about facts in issue. (*State Farm Mutual Automobile Insurance Co. v. Short* (1970), 125 Ill. App. 2d 97, 260 N.E.2d 415.) In order for such testimony to be admissible, the court must find that the witness' testimony is based upon his personal observation and recollection of concrete facts. (*Freeding-Skokie Roll-Off Service, Inc. v. Hamilton* (1985), 108 Ill. 2d 217, 483 N.E.2d 524.) Rulings on the admissibility of evidence are within the discretion of the trial court and may be disturbed on appeal only when they constitute an abuse of discretion. *In re Estate of Weir* (1983), 120 Ill. App. 3d 18, 458 N.E.2d 134.

■ In the instant case, the petitioner sought to give his opinion on Chambers' credentials. The record shows, however, that he had had very little opportunity to personally observe Chambers' work. Instead, the petitioner would have based his opinion on other parties' statements about Chambers and on conversations he and Chambers had when one was finishing his shift and the other was starting. Under these circumstances, the ALJ did not abuse his discretion in refusing to admit the evidence.

The judgment of the Human Rights Commission is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.