VICTOR VIDAL, Petitioner-Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents-Appellees.

Fifth District No. 5—90—0484

Opinion filed December 27, 1991.—Rehearing denied February 4, 1992.

Edward L. Welch, of Welch & Bush, P.C., of East St. Louis, for petitioner.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Tanya Solov, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

Gerald M. Richardson, of Greensfelder, Hemker & Gale, P.C., of St. Louis, Missouri, for respondent St. Mary's Hospital of East St. Louis, Inc.

JUSTICE HOWERTON delivered the opinion of the court:

Petitioner, who is black and from Nigeria, filed a complaint with the Illinois Human Rights Commission (Commission) accusing respondent, St. Mary's Hospital of East St. Louis, of employment discrimination. The complaint alleged disparate treatment, *i.e.*, that the hospital fired petitioner for neglect of duty but did not fire American employees, whether black or white, for similar offenses.

An administrative law judge ruled in petitioner's favor, but the Commission reversed. Petitioner appealed, claiming: (1) the Commission failed to give proper weight to the findings of the administrative law judge as required by section 8A—103(E)(2) of the Illinois Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 8A—103(E)(2)), namely that the Commission shall adopt the hearing officer's findings of fact unless they are against the manifest weight of the evidence; and (2) the administrative law judge erred when he refused to admit a newspaper article that detailed petitioner's dedication to the hospital during a blizzard. We vacate the Commission's order and remand.

■ The order and allocation of proofs in an employment discrimination case are as follows: The employee first must establish, by a preponderance of the evidence, a *prima facia* case of discrimination. If this is accomplished, the burden of producing evidence shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. If the employer produces evidence of a legitimate, nondiscriminatory reason, then the burden of production shifts back to the employee, who must then prove, by a preponderance of the evidence, that the employer's stated reason was merely a pretext for discrimination. (See *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817; refined in *Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 67 L. Ed. 2d 207, 101 S. Ct. 1089; *Habinka v. Human Rights Comm'n* (1989), 192 Ill. App. 3d 343, 548 N.E.2d 702.) Thus, the employee carries the burden of persuading the trier of fact that the employer discriminated against him throughout the entire proceeding. *Burdine,* 450 U.S. at 253, 67 L. Ed. 2d at 215, 101 S. Ct. at 1093.

In the case at bar, the administrative law judge (ALJ) and the Commission agreed that petitioner made a *prima facie* case of disparate treatment and that the hospital stated legitimate nondiscriminatory reasons for firing petitioner. The ALJ and the Commission disagreed, however, on the issue of pretext.

After petitioner made a *prima facie* case and after the hospital articulated nondiscriminatory purposes for its action, petitioner proffered evidence of pretext, namely, that American employees, whether black or white, charged with similar neglect of duty were not fired.

The ALJ ruled that the hospital's reasons for firing petitioner were merely a pretext for discrimination, finding the distinctions that the hospital made between petitioner and his fellow employees, *e.g.,* that petitioner's misconduct jeopardized patient care, were not credible because petitioner's fellow employees' misconduct also jeopardized patient care.

The Commission, citing *Kindred v. Human Rights Comm'n* (1989), 180 Ill. App. 3d 766, 536 N.E.2d 447, reversed the ALJ's finding of pretext stating that "it is only when an employer's decision-making is so obviously wrong that legitimate explanations for the decisions are unbelievable that the Commission may step in and infer that an illegal, discriminatory motivation was behind the employment transaction at issue." This is a misstatement and a misapplication of the correct standard. We, therefore, vacate the Commission's order and remand for further review consistent with the proper standard.

■ An employee establishes pretext by a preponderance of the evidence (see *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817; *Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 67 L. Ed. 2d 207, 101 S. Ct. 1089; *Habinka v. Human Rights Comm'n* (1989), 192 Ill. App. 3d 343, 548 N.E.2d 702) and may do so in one of two ways: "either *directly* by persuading the court that a discriminatory purpose more likely motivated the employer or *indirectly* by showing that the employer's proffered explanation is unworthy of credence." (Emphasis added.) (*Burdine*, 450 U.S. at 256, 67 L. Ed. 2d at 217, 101 S. Ct. at 1095.) The operative words of the above-quoted *Burdine* language are "directly" and "indirectly," because, by their use, the Supreme Court instructs us that pretext may be shown: (1) "directly," *e.g.*, by the employee offering evidence of pretext that, when weighed against the employer's statement of nondiscriminatory purpose, tilts the scales ever so slightly in the employee's favor; or (2) "indirectly," *e.g.*, by showing through cross-examination that the employer's statement of nondiscriminatory purpose is unworthy of belief. To say, however, as did the Commission, that pretext is shown "only when an employer's decision-making is so obviously wrong that legitimate explanations for the decisions are unbelievable" is a misstatement, for it imposes a higher standard than prescribed in *Burdine*. Thus, the Commission erred.

■ We recognize that the Human Rights Act limits our function to ascertaining whether the final decision of the Commission is against the manifest weight of the evidence. (Ill. Rev. Stat. 1989, ch. 68, par. 8—111(A)(2); *Habinka v. Human Rights Comm'n* (1989), 192 Ill. App. 3d 343, 548 N.E.2d 702.) We believe, however, that neither the Human Rights Act, nor cases interpreting it, compel us to ignore the Commission's application of an improper burden of proof upon the employee. Therefore, we vacate the Commission's order and remand this matter for review consistent with the proper burden for proving pretext set forth in *Texas Department of Community Affairs v. Bur-*

*dine* (1981), 450 U.S. 248, 67 L. Ed. 2d 207, 101 S. Ct. 1089, and the proper standard of review set forth in section 8A—103(E)(2) of the Illinois Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 8A—103(E)(2) ("[t]he Commission shall adopt the hearing officer's findings of fact if they are not against the manifest weight of the evidence")).

■ Petitioner's second claim, that the ALJ erred by not admitting into evidence a newspaper article detailing his dedication to the hospital during a snowstorm, is waived because he filed no objection with the Commission. *Glassworks, Inc. v. Human Rights Comm'n* (1987), 164 Ill. App. 3d 842, 518 N.E.2d 343.

Vacated and remanded.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.