John Kaley, Appellee, v. C. C. Carr, Joseph P. Foley, and Steelco Stainless Steel, Inc., Defendants.
On Appeal of Steelco Stainless Steel, Inc., Appellant.

Gen. No. 45,670.

Opinion filed October 22, 1952. Released for publication November 17, 1952.

CLARENCE M. DUNAGAN, for appellants.

JOHN G. PHILLIPS, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This appeal is from a judgment for $3,000 in favor of plaintiff, upon the verdict of the jury in an action for assault and battery, resulting in alleged injuries to plaintiff.

The complaint charged that defendants C. C. Carr and Joseph P. Foley, while acting within the scope of their employment by defendant Steelco Stainless Steel, Inc., and while in the performance of their respective duties, were guilty of an assault and battery upon the plaintiff, severely injuring him.

Defendants filed an answer, denying the charges in the complaint, and a counterclaim against plaintiff for damages for a wilful and malicious assault committed by plaintiff upon defendants Carr and Foley and for damages to the personal property of the defendant company.

Upon the trial a verdict was directed in favor of defendant Foley and judgment rendered accordingly. There was no appeal from this judgment. The jury returned three separate verdicts—one in favor of plaintiff against defendant Carr for $1,000; another against the defendant company for $3,000; and the third finding plaintiff (counter-defendant) not guilty.

The defendant company made its motion for a new trial, which was overruled and judgment entered against it. As to defendant Carr, we find in the record the following order:

"On motion of Attorney for plaintiff for a judgment notwithstanding the verdict and dismissing C. C. Carr party defendant in the above mentioned lawsuit and entering judgment as to Steelco Stainless Steel, Inc., a corporation, the court being advised in the premises, having jurisdiction of the parties and subject matter and the parties having stipulated and agreed thereto.

"It is ordered that a judgment notwithstanding the verdict and dismissing C. C. Carr as party defendant

153

be and is hereby entered and C. C. Carr is dismissed accordingly.''

Defendant company seeks to reverse the judgment upon the following grounds: (1) that a master cannot be held liable for an assault and battery allegedly committed by two of its servants if both servants have been found not guilty; (2) that the trial court could not enter a judgment notwithstanding the verdict as to defendant Carr and at the same time enter a judgment against it; (3) that the court admitted incompetent evidence, prejudicial to the defendant; and (4) that the court should have directed a verdict of not guilty as to the defendant upon the close of all the evidence.

If the order referred to as to defendant Carr constitutes a finding and judgment of not guilty upon the issues, then there is merit in defendant's contention that there could be no judgment against defendant company upon the theory of *respondeat superior,* Foley, the other servant, having been found not guilty. We have held that an order which reads ''Judgment upon the verdict,'' without reciting in whose favor and against whom is not a valid or final judgment order. *Bibbs v. Dorsey,* 341 Ill. App. 250; *Martin v. Barnhardt,* 39 Ill. 9; *Faulk v. Kellums,* 54 Ill. 188; *Fray v. Nat'l Fire Ins. Co. of Hartford,* 255 Ill. App. 209; *Kelly v. Kelly,* 346 Ill. App. 210; *Aetna Plywood & Veneer Co. v. Robineau,* 336 Ill. App. 339; *People v. Chicago, B. & Q. R. Co.,* 306 Ill. 166. Moreover, under the Civil Practice Act, a motion for judgment *non obstante veredicto* may be made by either party. Section 68 (3), Supreme Court Rule 22; *Farmer v. Alton Building & Loan Ass'n,* 294 Ill. App. 206; *Hadden v. Fifer,* 339 Ill. App. 287.

In the instant case the order granting judgment notwithstanding the verdict was on motion of plaintiff and by stipulation, but there is nothing in the order to indicate that it was intended to be a judgment in favor

of Carr. If it be equally consistent to regard the order as one in favor of plaintiff, it could hardly be argued that it is an adjudication or finding that Carr was not guilty of the assault charged in the complaint. That portion of the order dismissing the suit as to Carr as a party defendant, the court had a right to enter, especially by stipulation. There is, therefore, nothing of record in the form of a finding or judgment that defendant Carr was not guilty of the charges in the complaint, which would bar a recovery against the master. It was not inconsistent for the trial court to enter judgment against the defendant company for the alleged assault by Carr, since the suit was dismissed as to defendant Carr.

██ There was a sharp conflict in the evidence, which presented a question of fact for the jury, and the court was justified in refusing to direct a verdict as to the defendant company. It is urged that plaintiff was permitted to testify to the fact that he came to defendant's place of business on the day in question to collect money he thought was due him, and in his argument with Carr he told Carr that the company not only owed him money but owed others money, including Julius Mesko, an employee of defendant company. No objection was made at the time the testimony was offered, and no motion was made to strike it. Defendant offered evidence in denial of such conversation. Under such circumstances defendant cannot now assign error that the evidence was incompetent and prejudicial. *Palozzotto v. Chicago Transit Authority,* 333 Ill. App. 160; *Shapiro v. Kartsonis,* 330 Ill. App. 299, 302; *Baltimore & O. S. W. R. Co. v. Brubaker,* 217 Ill. 462, 466.

██ Complaint is made about the testimony of Dr. Horace E. Turner, a witness for plaintiff, who was permitted to testify as to the condition he found upon examination of plaintiff three years after the occur-

155

rence, and was allowed to answer a hypothetical question as to the causal connection between the claimed assault and the injuries. An examination of the record discloses that the witness testified as an expert, and that there was ample foundation in the record to justify the hypothetical question and the opinion given by him. Its credibility was one for the jury.

Defendant had a fair trial, and the judgment is affirmed.

*Affirmed.*

Lewe, P. J. and Kiley, J., concur.