JOE EDWARD WILSON et al., Plaintiffs-Appellees, v. SIMON MOORE et al., Defendants-Appellants.

(No. 57889; ▮▮▮▮▮▮▮▮)

First District (3rd Division)—July 19, 1973.

McKenna, Storer, Rowe, White & Haskell, of Chicago, (Royce Glenn Rowe and Patrick E. Maloney, of counsel,) for appellants.

No appearance for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs filed suit in the circuit court of Cook County to recover damages caused by the negligence of defendants in the operation of an automobile. Defendants filed an answer and affirmative defense. Defendants' motion for judgment on the pleadings was allowed, and the suit was dismissed. Thereafter, the trial court entered an *ex parte* order awarding fees to plaintiffs' attorney, Lee J. Snitoff. The court denied de-

fendants' motion to vacate the order awarding attorney's fees, and defendants appeal.

Although appellees have failed to file an appearance or answering brief in this court, we will consider the merits of the appeal. *Daley v. Richardson* (1968), 103 Ill.App.2d 383, 243 N.E.2d 685.

On March 23, 1969, the four plaintiffs were injured as the result of a collision with an automobile owned by defendant Spears and operated by defendant Moore. Claims were made on behalf of the plaintiffs by Lee Snitoff. On April 5, 1969, the Inter Insurance Exchange of the Chicago Motor Club, defendants' insurance carrier, settled the claims directly with the four plaintiffs for a total sum of $3,050.00. At the same time, the insurance carrier obtained a statement from the plaintiffs that their attorney had solicited their business to obtain his contract of employment.

On March 23, 1971, Lee Snitoff filed the instant lawsuit on behalf of the plaintiffs for injuries sustained in the 1969 accident. Defendants filed an answer and affirmative defense seeking a dismissal of the suit on the basis of the prior settlement. On July 20, 1971, the trial court allowed defendants' motion for judgment on the pleadings and dismissed the suit.

On March 22, 1972 plaintiffs' attorney, without notice to defendants or to their counsel, obtained an order of court awarding him attorney's fees. Defendants learned of the fees order in May, 1972. On May 26, 1972 defendants moved the court to vacate the order awarding fees or in the alternative for a hearing on the merits. This appeal follows a denial of that motion.

■■■ By statute, rule and case law, defendants were entitled to notice of plaintiffs' motion for attorney's fees. Section 49 of the Civil Practice Act provides that notices and hearings on motions shall be according to rules. (Ill. Rev. Stat. 1969, ch. 110, par. 49.) And Supreme Court Rule 104(b) provides that written motions shall be filed with the clerk with a certificate or other proof that copies have been served on all parties who have appeared. Further in *Vlahakis v. Parker* (1971), 3 Ill.App.3d 126, 278 N.E.2d 523 (abstract decision), this court found that, although notice of motion may be waived by an adverse party, an order entered on a motion without notice is void.

We find that the instant order is void and that the trial court erred in refusing to vacate it. Accordingly, the order of the circuit court of Cook County awarding fees to plaintiffs' attorney is reversed.

Order reversed.

SCHWARTZ and McGLOON, JJ., concur.