41 Ill. App.3d 37 (1976)
353 N.E.2d 345
In re ESTATE OF EDWARD N. LAWSON, Deceased.  (BERNICE LAWSON, Adm'r, Appellee,
v.
A.R. LEAK, d/b/a Leak Funeral Home, Appellant.)
No. 62780.
Illinois Appellate Court  First District (3rd Division).
Opinion filed July 29, 1976.
*38 Howard T. Savage and Patricia Unsinn, both of Chicago, for appellant.
No appearance for appellee.
Judgment affirmed.
Mr. JUSTICE DEMPSEY delivered the opinion of the court:
Bernice Lawson, the administrator of the estate of her husband, Edward N. Lawson, filed a petition without notice to the respondent, A.R. Leak, d/b/a Leak Funeral Home, requesting that the funeral home be directed to release his body to her. The requested order was issued. One month later Leak moved to vacate the order and filed a petition in support of the motion. The court denied the motion and dismissed the petition on the basis of its finding that Leak had no standing in the proceedings. Leak appeals the dismissal order.
Edward Lawson died on April 27, 1975, and on April 30 his widow was *39 appointed administrator of his estate. On May 2 she filed the petition seeking custody of his body. Her petition alleged that she was the party entitled to bury his body, but that a daughter of her husband by a prior marriage had delivered his body to the Leak Funeral Home without her knowledge or consent; that Leak was holding the body and had refused to release it to her even though Leak was advised to cease performing any services and to surrender the body to her, and that Leak informed her that he would refuse to release the body until he had received an order of court compelling him to do so.
The order issued by the court on the same day authorized Mrs. Lawson to obtain the body from the funeral home and to take all legal steps and actions necessary to obtain its custody, and commanded the home to release the body to her.
The funeral home's motion and petition were filed on June 12. The petition alleged that Leak was never served with notice of Bernice Lawson's May 2 petition, that she had never made a demand for Lawson's body, and that Leak had been retained by Marilyn Lyles, daughter of the decedent, to service his body. The petition further alleged that Mrs. Lawson's petition was filled with fabrications and that the order entered by the court as a result of the petition was a smear on the character and reputation of the Leak Funeral Home.
On June 26, Mrs. Lawson filed an answer and a reply to Leak's petition. The answer admitted that no formal notice of her May 2 motion was given; however it asserted that numerous telephone calls were made to the funeral home prior to May 2 and that in fact it was at Leak's insistence that he have an order of court in his possession, evidencing her authority that the May 2 order was sought.
In her reply Mrs. Lawson asserted that on April 28 she went to the funeral home and advised Leak not to touch the decedent's body. On April 29 her attorney called Leak and told him not to proceed with the burial. On April 30 Mrs. Lawson, armed with the letters of administration, returned to the home and requested the body of the deceased. The request was denied, and at this time Leak made a demand for an order of court specifically granting her the authority to obtain the body. Additionally, the reply alleged that, on May 1, Mrs. Lawson sent the following mailgram to the funeral home:
"Having shown you the legal document appointing me the legal representative of the decedent estate I am making a second request for you to release his remains and to disengage with any funeral arrangements until further notice."
Finally, the reply asserted that on May 2 the court's order was presented to Leak and that he again refused to release the body to her.
*40 Leak argues that the court's order, requiring him to release the body, was in violation of his contract with Marilyn Lyles, and is void and in violation of the due process clause of the Illinois and Federal constitutions since the order was entered without notice.
Initially, there appears to be merit to Leak's contention. However, he did not file a report of the proceedings of the hearing held on his June 12 petition. Therefore, we do not know what evidence the court may have heard before it dismissed the petition and made the finding that Leak had no standing in the proceedings.
 1 In the absence of a transcript of the proceedings it must be presumed that the proof presented was sufficient to support the court's decision. The party who prosecutes an appeal has the duty of presenting to the court of review everything necessary to decide the issues on appeal and the burden of showing that the trial court's judgment was erroneous. Angel v. Angelos (1976), 35 Ill. App.3d 905, 342 N.E.2d 748.
 2 The court's order, entered July 9, 1975, stated that the parties were present at the hearing in person and by counsel and that the court was "advised in the premises." The words "advised in the premises" are not without significance. In Smith v. Smith (1962), 36 Ill. App.2d 55, 59, 183 N.E.2d 559, the court said: "If a court signs an order which includes the words `the court was fully advised in the premises,' we conclude, in the absence of any contrary indication in the order or in the record, that the court heard adequate evidence, received enough information or listened to sufficient law and argument, as the necessity of the particular case required, to enable the court to reach what it believed to be the right decision on the issue presented." In view of the court's order and the absence of a report of the proceedings, we must conclude that the court's ruling in the present case was correct. Leak has failed to sustain his burden of showing that the order of dismissal was erroneous.
 3 Furthermore, the appellate court will not decide moot questions. (See Gliwa v. Washington Polish Loan & Building Association (1941), 310 Ill. App. 465, 34 N.E.2d 736.) It has been almost a year since the court entered its order, and we believe it is a valid assumption that Leak obeyed the order and released the body to Mrs. Lawson and that she arranged for its burial. If this is so, any question concerning the propriety of the order is now moot. The conclusion that Mrs. Lawson's request was complied with is reinforced by the fact that she has not entered an appearance nor filed a brief in this court. A question is moot when it presents no actual controversy or where the issues have ceased to exist. People v. Redlich (1949), 402 Ill. 270, 83 N.E.2d 736. Consequently, courts of review will not reverse orders where such action would be ineffectual. (See Lawn Savings & Loan Association v. Quinn (1967), 81 Ill. App.2d 304, 225 N.E.2d 683.) The general rule under such circumstances is that a reviewing court will *41 dismiss the appeal (see People v. Redlich), but it is also proper to affirm the judgment.
The judgment is affirmed.
Affirmed.
McNAMARA and McGLOON, JJ., concur.