ROBERT SIMPSON, Petitioner-Appellant, *v.* JAMES R. IRVING *et al.*, Respondents-Appellees.

Third District    No. 80-487

Opinion filed August 12, 1981.

Robert Agostinelli ·and Charles W. Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Will County dismissing Simpson's petition for a writ of *mandamus*. Simpson, an inmate at Stateville Penitentiary, sought a ruling to compel James R. Irving, in his capacity as chairman of the Illinois Prison Review Board, "to comply with the provisions of the Unified Code of Corrections, ch. 38, §1003—6—3, as set forth in *Johnson v. Franzen*."

Simpson was sentenced on September 14, 1976, to an indeterminate sentence of 5 to 10 years for the offense of attempt murder. On February 1, 1978, a new sentencing statute became effective. It provided for fixed or determinate sentencing. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1.) It abolished the old compensatory good conduct credits (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—12—5) and the statutory good-time credits (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—6—3). The new system provided for good conduct credits on a day-for-day basis. In *Johnson v. Franzen* (1979), 77 Ill. 2d 513, our supreme court determined that prisoners sentenced prior to February 1, 1978, were to benefit from the new day-for-day credit system as of February 1, 1978. The supreme court specifically stated:

"From February 1, 1978, forward, plaintiff is entitled to one day of good-conduct credit for each day served to the extent his prison conduct merits the award of credits. The credits are to be applied to the minimum and maximum terms. For time served prior to February 1, 1978, plaintiff is entitled to the statutory and compensatory good-time credits to which he was entitled under the old good-conduct-credit system." 77 Ill. 2d 513, 522.

Simpson's *mandamus* petition alleged that Irving was denying him a total of 707 days of day-for-day credit.

In response, the Department of Correction (D.O.C.) filed a motion to dismiss, supported by affidavit, alleging that Simpson's indeterminate sentence had been recalculated and converted to the new day-for-day credit system. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—6—3.) After hearing argument of counsel and considering the affidavit, the circuit court dismissed the *mandamus* petition, stating that Simpson had already received the relief requested in his petition; specifically, that his sentence

be recalculated pursuant to the new day-for-day credit system. Simpson, however, was never served with the D.O.C.'s motion and was not present at the hearing.

■■ For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right, they must first be notified." (*Baldwin v. Hale* (1864), 68 U.S. (1 Wall.) 223, 17 L. Ed. 531.) It is well settled that parties to an action are entitled to notice of any motions or hearings. A party is entitled to no fewer rights, with respect to notice of motions, simply because he is incarcerated. Consequently, we remand to afford Simpson his day in court on his petition.

■■ Procedurally, Simpson also attacks the sufficiency of the D.O.C.'s affidavit supporting their motion to dismiss. We agree. The affidavit does not comply with the requirements of Supreme Court Rule 191. That rule provides:

> "(a) Requirements. Affidavits in support of and in opposition to a motion for summary judgment under section 57 of the Civil Practice Act, affidavits submitted in connection with a motion for involuntary dismissal under section 48 of the Civil Practice Act, and affidavits submitted in connection with a special appearance to contest jurisdiction over the person, as provided by section 20(2) of the Civil Practice Act, shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." (Ill. Rev. Stat. 1979, ch. 110A, par. 191.)

The affidavit filed by the D.O.C. stated, in full:

## "AFFIDAVIT

Carol Mills, upon oath, deposes and says:

I am the Acting Records Supervisor at the Stateville Correctional Center in Joliet, Illinois.

The following residents are presently incarcerated at the Stateville Correctional Center in Joliet, Illinois.

The following residents' sentences have been recalculated and they have been given all good-conduct credit due them under the day-for-day good-conduct-credit system:

| | |
|---|---|
| Jackson, William | C—73928 |
| Sardin, Danny | C—72065 |
| Morrise, Gary | C—73889 |
| Pettis, Lynn Bari | A—63033 |
| Bell, Morris | A—02208 |
| Eagle, Joseph | C—71975 |
| Simpson, Robert | C—63227 |
| Vaughn, Burdell | C—72648 |
| Allen, Freddie | A—60398 |

I have read the foregoing statement and have signed the same, acknowledging the facts contained therein are true.

Carol Mills
Carol Mills."

The deficiencies of this affidavit are several. Essentially, it does not set forth the method used for recalculation but provides the conclusion that Simpson has been given all good-time credit due him. The statute is clear in its directive that the affidavit must set forth *facts* upon which the claim/defense is based and attach copies of papers upon which the affiant relies. This affidavit should have included Simpson's record sheets reflecting time served and good time awarded prior to February 1, 1978, and subsequent thereto. Simpson, in his petition, made a specific allegation that he is entitled to 707 days of day-for-day credit. The affidavit does not respond to this claim with the needed specificity to support a motion to dismiss.

The error in dismissing Simpson's petition without regard to the most fundamental notions of due process is only exacerbated by the fact that this wholly deficient affidavit was substantially the only evidence offered by the D.O.C. in support of its motion to dismiss. We, therefore, remand to the circuit court of Will County without reaching the substantive issue raised by Simpson, that the method of recalculation employed by the D.O.C. is not proper. We note, however, that the D.O.C.'s method of recalculation of sentences for inmates sentenced under the indeterminate sentence scheme was recently approved by this court in *Williams v. Irving* (1981), 98 Ill. App. 3d 323.

For these reasons herein stated, we reverse the order of the circuit court of Will County and remand for further proceedings in accordance with this opinion.

Reversed and remanded.

SCOTT, P. J., and ALLOY, J., concur.