JACK A. SAMPSON *et al.*, Plaintiffs-Appellees, *v.* JOHN C. AMBROSE, Defendant-Appellant.

First District (2nd Division)   No. 82—2705

Opinion filed April 17, 1984.—Rehearing denied May 8, 1984.

Ambrose & Cushing, P.C., of Chicago (John C. Ambrose, of counsel), for appellant, *pro se.*

Sundheim, Stall & Girardi, of Chicago (Douglas M. Martin, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiffs Jack A. Sampson and Ruth Sampson sued defendant John C. Ambrose for the balance due plus interest on an installment note executed by defendant Ambrose. Defendant raised the defense of usury. Following a hearing, the trial court found for plaintiffs in the amount of $6,507.70. Defendant, who is an attorney, appeals *pro se.*

After the notice of appeal was filed, plaintiffs moved to dismiss on the grounds that the appeal was untimely filed. The motion was accompanied by a copy of the half-sheet which indicated that judgment had been entered for plaintiffs on July 22, 1982. The notice of appeal was filed on August 25, 1982, 34 days after final judgment. Thus the appeal was untimely filed.

In response to the motion to dismiss, defendant argued that he was unable to ascertain the judgment date from the half-sheet because the court file had been removed or misplaced for the 30 days following July 22. On the basis of defendant's representations, we denied the motion to dismiss and assumed jurisdiction of the appeal. We now find that the motion to dismiss was improvidently denied.

Assuming that the court file was "missing" as defendant asserts, this did not relieve defendant of his obligation to check the court's minute book to ascertain the date of judgment. In the instant case, the minute book indicated that final judgment was entered on July 21, 1982. Had defendant ascertained this fact and scheduled the filing of his notice of appeal accordingly, his appeal would have been timely filed. Defendant points out that the judgment date was July 22 rather than July 21 as indicated in the minute book. We do not see how this minor discrepancy relieved defendant of his obligation to ascertain the record judgment date or excused his late filing of this appeal.

We note that in the record on appeal an alteration was made on the half-sheet as follows: a pen has been used to change the stamped judgment date from July 22, a Thursday, to July 25, which was a Sunday! This alteration gave the appearance that this appeal was timely filed. Defendant, as an "officer of the court," disavows any responsibility for the altered half-sheet entry.

We also note that the notice of appeal is not time stamped. Rather, it bears a handwritten "certification" that the notice of ap-

peal was filed on August 25, 1982; it is signed by someone purporting to be a supervisor in the circuit court clerk's office. This handwritten certification is an extra-official recital which cannot be considered as part of the record. (*Jones v. City of Carterville* (1950), 340 Ill. App. 330, 335, 91 N.E.2d 604.) The half-sheet, however, is a part of the official court record in cases such as this which are tried in the Municipal Department of the circuit court of Cook County. (Cir. Ct. General Order No. 6.5; *Berzana v. Mezyk* (1980), 86 Ill. App. 3d 824, 826, 408 N.E.2d 412.) In the instant case, the half-sheet indicates that the notice of appeal was filed on August 25, 1982.

Despite the foregoing irregularities in the record on appeal, we find simply that this appeal was untimely filed. Accordingly, this appeal is dismissed.

Dismissed.

HARTMAN, P.J., and DOWNING, J., concur.