THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MATTHEW S. DICKERSON *et al.*, Defendants-Appellees.

Third District Nos. 3—84—0278 through 3—84—0281 cons.

Opinion filed November 30, 1984.

STOUDER, J., dissenting.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

James E. Egan, of McSteen, Phelan & Egan, P.C., of Joliet, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

The instant appeal raises the question of whether a trial court properly dismissed implied consent proceedings after finding the underlying municipal ordinances to be invalid. The defendants, Matthew S. Dickerson, Clinton Terry, Larry Sellers, and John Lesiotis, were charged in separate incidents with driving under the influence of alcohol (DUI) and related traffic offenses. Each DUI charge was brought under a municipal ordinance. Each of the defendants refused to take a breathalyzer test at the time of their arrest.

The defendants subsequently requested an implied consent hearing. During the hearings, the defendants argued that the underlying municipal DUI ordinances were invalid. The trial court agreed with this premise and dismissed the proceedings. It is from this order that the State now appeals.

We initially address the motion to dismiss the State's appeal brought by the defendant, John Lesiotis. Lesiotis argues that the appeal must be dismissed in cause No. 3—84—0281 because it was not timely filed. The trial court issued an oral order dismissing Lesiotis' hearing on February 21, 1984. This order was entered in the record the same day. No notation was made that a further written order was required. The trial court subsequently entered a written order "in support of" its prior order on March 8, 1984. The State's notice of appeal was filed April 3, 1984.

 Supreme Court Rule 303 provides, in relevant part, that a notice of appeal must be filed within 30 days after the entry of the final judgment. (87 Ill. 2d R. 303.) The time at which the judgment is entered is determined under the provisions of Supreme Court Rule 272. (87 Ill. 2d R. 272.) Rule 272 provides:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record."

In the instant case, there is no evidence that the judge required submission of a written judgment. No notation of such a requirement was made. Thus, under Rule 272, the judgment was final at the time it was entered of record. The judgment was entered of record on February 21, 1984. The State's notice of appeal was filed April 3, 1984. The State's motion was not filed within 30 days, and, therefore, was not timely. Accordingly, the motion of the defendant, John Lesiotis, to dismiss the appeal in cause No. 3—84—0281 is granted.

We now consider the merits of the State's argument in the remaining consolidated appeals.

In dismissing the hearings, the trial court relied on *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29. In *Hartnett*, the defendant was charged with driving under the influence of alcohol pursuant to a municipal ordinance. Like the municipal ordinances in the instant case, the ordinance in *Hartnett* provided a fine only as a possible sentence. The *Hartnett* court found that the ordinance was invalid because it did not conform to the requirements established in section 11—501(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(c)). Section 11—501(c) requires that driving under the influence be a Class A misdemeanor. Class A misdemeanors are punishable by fine *and* imprisonment. (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—8—3, 1005—9—1.) Thus, the municipal ordinance in *Hartnett* was invalid because it failed to provide for incarceration as a potential sentence.

The trial court in the instant case found that the municipal ordinances prohibiting driving under the influence were invalid under *Hartnett* because none of the ordinances provided for a sentence which potentially included a term of imprisonment. The trial court then concluded that the defendants were not properly arrested for purposes of

the implied consent statute because the ordinances were invalid. The trial court dismissed the implied consent proceedings.

The instant proceedings were brought under the implied consent statute, section 11—501.1 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.) Section 11—501.1(a) provides that any person who drives or is in actual physical control of a motor vehicle is deemed to have given consent to relevant tests if arrested for violating Section 11—501 or any similar provision of a local ordinance. Section 11—501.1(c) provides that a hearing on a refusal to take a relevant test shall cover only the issues of whether a person was placed under arrest for an offense defined in section 11—501 or similar local ordinance, whether the arresting officer had reasonable grounds to believe the driver was under the influence, and whether the person refused to submit to the test. *People v. Horberg* (1984), 123 Ill. App. 3d 456, 462 N.E.2d 831.

■ The issues of whether the arresting officer had reasonable grounds and whether the defendant refused to take the tests are unaffected by the validity of the municipal ordinances involved in the instant case. The issue for consideration by this court, then, is whether the defendants were properly placed under arrest where the ordinances violated were subsequently declared invalid.

■ We find that the defendants were properly arrested in the instant case for purposes of section 11—501.1. In *Michigan v. DeFillippo* (1979), 443 U.S. 31, 61 L. Ed. 2d 343, 99 S. Ct. 2627, the United States Supreme Court held that the defendant's arrest for violation of a municipal ordinance was valid even though the ordinance itself was subsequently declared invalid because it was unconstitutional. The court noted that police officers are charged with enforcement of laws unless and until the laws are declared unconstitutional. Thus, where the officer relied in good faith on an ordinance which was not grossly and flagrantly unconstitutional, an arrest based on a violation of that ordinance is valid.

In the instant cases, it is apparent that the arresting officers acted in good faith in relying on the respective ordinances. The fact that the ordinances were subsequently declared invalid does not negate the validity of the arrests.

Additionally, the ordinances in the case at bar were challenged in a collateral civil proceeding. Section 11—501.1 should be liberally construed to accomplish its purpose of protecting the citizens of Illinois on this State's highways. *People v. Horberg* (1984), 123 Ill. App. 3d 456, 462 N.E.2d 831.

■ We, therefore, find that the arrests of the defendants, Dickerson, Terry and Sellers, were valid arrests under section 11—501.1. The

causes must, therefore, be remanded for further proceedings on those additional issues which the defendants may choose to raise in their implied consent hearings.

The State's appeal is dismissed in cause No. 3—84—0281. The judgment of the circuit court of Will County is reversed in causes No. 3—84—0278, 3—84—0279, and 3—84—0280, and remanded for further proceedings consistent with this decision.

Reversed in part, and remanded for further proceedings.

HEIPLE, J., concurs.

JUSTICE STOUDER, dissenting:

I agree with the result reached by my colleagues granting defendant Lesiotis' motion to dismiss; however, I respectfully disagree with the reasoning and result reached regarding the other defendants. In my opinion the trial court correctly applied *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29, and dismissed the implied consent hearings.

The appropriate portion of the implied consent statute provides for a hearing where it is to be determined, *inter alia,* "whether the person was placed under arrest for an offense as defined in Section 11—501 of this Code or a similar provision of a local ordinance." (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).) It is undisputed these defendants were not placed under arrest for a violation of section 11—501; therefore, each arrest had to have been made for violation of an ordinance similar to section 11—501. The basis of the invalidity of the ordinance in *Hartnett* was the court's conclusion that the ordinance was not similar to section 11—501, and in fact the ordinance was so dissimilar it was invalid. The ordinances involved in the case *sub judice* are legally equivalent to or substantially the same as the ordinance in *Hartnett* and are as a matter of law dissimilar to section 11—501. Since the arrests were not for violations of similar ordinances, this requirement of the implied consent provision is not satisfied, and the trial court properly found in favor of defendants.

The majority's reliance on *Michigan v. DeFillippo* (1979), 443 U.S. 31, 61 L. Ed. 2d 343, 99 S. Ct. 2627, is not determinative of this appeal, since we are concerned with an arrest under an ordinance which is dissimilar to section 11—501 and not with the validity of an arrest pursuant to an ordinance subsequently declared invalid.

Based upon my analysis of this case, I would affirm the trial court's judgments in favor of defendants.