135 Ill. App.3d 866 (1985)
482 N.E.2d 409
In re ESTATE OF EDWARD LEVIN, Deceased (Rona May Levin, Petitioner-Appellant,
v.
American National Bank and Trust Company et al., Respondents-Appellees).
No. 84-1596.
Illinois Appellate Court  First District (4th Division).
Opinion filed August 8, 1985.
*867 Edward T. Joyce and Arthur W. Aufmann, both of Joyce & Kubasiak, of Chicago, for appellant.
Henry Lawrie, Jr., and Michael M. Conway, both of Hopkins & Sutter, of Chicago, for appellees.
Judgment affirmed.
JUSTICE JOHNSON delivered the opinion of the court:
Petitioner, Rona May Levin, appeals from an order of the circuit court of Cook County dismissing her petition for a formal proof of will of her father, Edward Levin. She contends that her appearance, waiver of notice, and consent to proof of the will were invalid because respondents, the co-executors of her father's estate, did not give her a written explanation of the rights of heirs and legatees, prescribed by the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110 1/2, par. 6-10(a)), before the trial court admitted the will to probate.
We affirm.
*868 The record shows that Edward Levin died on July 11, 1982, leaving a will naming respondents, American National Bank and Trust Company of Chicago and Earl A. Deutsch, as co-executors. As part of their preparation to have the will admitted to probate, the co-executors obtained the appearance, waiver of notice, and consent from each beneficiary named in the will, including that of petitioner.
On August 12, 1982, respondents sent to petitioner (1) a copy of the will, which contained an enumeration of the distribution of the estate; (2) form CCP 318 (replaced by form CCP 303) for appearance, waiver of notice and consent to proof of will entitled "Appearance and Consent  Proof of Will," used in the probate division of the circuit court of Cook County; and (3) a letter stating that the will made a gift to petitioner of $25,000 and requesting that she sign the form if she accepted the bequest. Respondents did not send petitioner a copy of the petition for probate of will, which lists the value of decedent's estate at approximately $4,000,000. Further, the letter explained neither the legal effect of signing the appearance and consent form nor petitioner's rights under the Probate Act of 1975.
On August 25, 1982, respondents filed the appearance and consent forms of all the beneficiaries under the will. The trial court admitted the will to probate under section 6-4(b)(2) of the Act (Ill. Rev. Stat. 1979, ch. 110 1/2, par. 6-4(b)(2)), and appointed respondents as co-executors. In March 1983, petitioner received her $25,000 bequest.
Petitioner filed her petition for formal proof of will on January 12, 1984, in which she alleged that respondents had failed to meet the notice requirements of the Probate Act of 1975; therefore, she was an unnotified heir, and that the limitations period for petitioning for a formal proof of will had not run. Respondents contended that they had obtained from petitioner a valid waiver of notice and that petitioner filed her petition untimely. On June 7, 1984, the trial court dismissed petitioner's request for formal proof of will. Petitioner appeals.

I
The 1979 amendments to the Probate Act of 1975 (Pub. Act 81-213, Pub. Act 81-408, and Pub. Act 81-788, all effective January 1, 1980), simplified and accelerated the settlement of decedents' estates in Illinois. Public Act 81-213 (1979 Ill. Laws 1142) made major revisions in probate procedures applicable to all estates. Prior to the enactment of the amendment, it was necessary to give advance notice of a petition to admit a will to all heirs and beneficiaries, or obtain their waiver of notice, before a will could be admitted to probate. This "notice," *869 sent by the clerk of the court, consisted of (1) a copy of the petition to admit the will, and (2) a statement of the time and place of the hearing, the name of the testator, and the names of the heirs and beneficiaries. (Ill. Rev. Stat. 1977, ch. 110 1/2, par. 6-4 (repealed).) The 1979 amendment, however, permits admission of a will without prior notice to heirs and beneficiaries but grants them the right, after the will's admission, to require formal proof of will within 42 days after admission. The "notice" under the amended act, now sent by the executor or administrator, consists of (1) a copy of the petition to admit the will; (2) a copy of the order admitting the will to probate, showing the date of entry; and (3) an explanation of the rights of heirs and beneficiaries to require formal proof of will and to contest the admission of the will, which document conforms to Supreme Court Rule 108 (87 Ill.2d R. 108; Ill. Rev. Stat. 1979, ch. 110 1/2, pars. 6-10(a), 6-21; Barnard, Williams & Zartman, Major Revision of Probate Act Simplifies Settlement of Decedents' Estates, 68 Ill. B.J. 248, 251 (1979).) The executor need not send this notice to an heir or beneficiary who personally appeared at the hearing for admission or who has waived notice. Ill. Rev. Stat. 1979, ch. 110 1/2, par. 6-10(b).
Petitioner contends that the document she received in the form of an appearance, waiver of notice and consent to proof of will was invalid because it was not knowing and intelligent. She claims that the co-executors of her father's estate should have given her the explanation of rights that section 6-10(a) of the Act requires. She argues that the General Assembly intended that an executor give the explanation of rights to heirs and beneficiaries before the admission of a will to probate, as in this case, seeking their appearances and waivers, as well as after a will is admitted to probate. Petitioner also claims that her petition for formal proof of will was timely filed because the co-executors never filed an amended petition to admit the will and never gave her proper notice; thus, the 42-day limitations period had not yet begun. (Ill. Rev. Stat. 1979, ch. 110 1/2, pars. 6-11, 6-21.) Respondents contend that the Act requires executors to give the explanation of rights to heirs and beneficiaries only after a will has been admitted to probate.
 1 We agree with respondents. Despite petitioner's contrary arguments, we concur with the Appellate Court for the Third District and hold that the statute, on its face, requires the explanation of rights only after a will has been admitted to probate. (In re Estate of Weir (1983), 120 Ill. App.3d 18, 22-23, 458 N.E.2d 134, 137-38.) Supreme Court Rule 108, providing the form for the explanation of rights that petitioner seeks, is phrased in the context of notice after a *870 will's admission to probate, as section 6-10(a) of the Act provides. We base this conclusion on both the face and purpose of the statute.
Petitioner points to form CCP 303 as additional proof for her contention that the notice she received was inadequate to make a knowing and intelligent appearance, waiver of notice and consent to proof of will. Form CCP 303, which includes the explanation of rights that she seeks, replaced form CCP 318, which petitioner received. Petitioner argues that CCP 318 was replaced because it provided inadequate notice under the amended Probate Act of 1975.
 2 Procedural due process requires that notice be given of the claim asserted. The right to a hearing includes not only the right to present evidence, but also a reasonable opportunity to know fully and clearly, to persons of reasonable intelligence, what claims the hearing presents and what consequences it proposes. The test is whether an interested party can anticipate the possible effects and orders of the hearing. (Department of Revenue v. Jamb Discount (1973), 13 Ill. App.3d 430, 435, 301 N.E.2d 23, 27.) In the context of probate, notice must include, at a minimum, a statement that a will is going to be presented for probate at a particular time and place so that interested persons may appear if they so desire. Vogel v. Katz (1965), 64 Ill. App.2d 126, 131, 212 N.E.2d 295, 297.
 3 The notice that petitioner received before she signed her appearance was adequate under Illinois law. Petitioner received a copy of the will, form CCP 318, and a letter from the co-executors stating that she should sign the form if she accepted the bequest. The form stated that petitioner appeared, waived notice and consented to an immediate hearing on the petition to admit the will to probate, to proof of the will and to the appointment of respondents as co-executors. Petitioner knew what the hearing would be about and its consequences. We hold that, under the facts of this case, petitioner received adequate notice to make a knowing and intelligent appearance, waiver of notice and consent to proof of will.

II
In refuting petitioner's argument, respondents incorrectly based their additional defense on the equitable theories of estoppel, presumed knowledge of the law, and laches. Because of our disposition of petitioner's argument, we will address only the estoppel theory.
Respondents contend that petitioner is estopped from challenging the validity of the will because she accepted her bequest, and they cite several cases for the proposition that a beneficiary may not accept a bequest and at the same time set up any right or claim that would *871 defeat or prevent the full operation of the will. (Kyker v. Kyker (1983), 117 Ill. App.3d 547, 551, 453 N.E.2d 108, 111.) Respondents further contend that petitioner is legally presumed to have known of this prohibition. Oglesby v. Springfield Marine Bank (1946), 395 Ill. 37, 69 N.E.2d 269.
 4 Respondents err by equating petitioner's request for formal proof of will with a challenge of the will's validity. We examined this issue in In re Estate of Gaglione (1982), 109 Ill. App.3d 748, 753-54, 441 N.E.2d 332, 336, aff'd (1983), 97 Ill.2d 408, 454 N.E.2d 664, and concluded that the Probate Act established separate and distinct proceedings for examining formal proof of will (section 6-21) and challenging the validity of a will, i.e., a will contest (section 8-1), with the inquiry under section 6-21 proceeding not being as broad as that under section 8-1. Petitioner is, therefore, not estopped from requesting a formal proof of will even though she elected to accept her bequest, because such a request is not a challenge to the will's validity. Petitioner, however, is estopped from requesting a will contest under section 8-1, because she accepted the bequest under the will. Kyker v. Kyker (1983), 117 Ill. App.3d 547, 551, 453 N.E.2d 108, 111.
For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
JIGANTI, P.J., and LINN, J., concur.