THE CITY OF CHICAGO, Plaintiff-Appellee, v. AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, *et al.*, Defendants (Michael Adelman, Defendant-Appellant).

First District (2nd Division)   No. 87—754

Opinion filed May 10, 1988.—Rehearing denied July 12, 1988.

SCARIANO, J., specially concurring.

Robert I. Berger, of Chicago (Altheimer & Gray, of counsel), for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Joseph A. Moore, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Defendant Michael Adelman appeals orders assertedly entered without notice to enforce a four-year-old judgment for violations of the city of Chicago Housing Code (Code). Defendant raises as issues whether: (1) the 1983 judgment is void because it lacked a formal designation of the parties involved; and (2) the circuit court erred in entering 1987 *ex parte* orders without notice to defendant, which are also void. The city questions the timeliness of defendant's appeal.

On December 7, 1981, the city of Chicago filed a verified complaint against Adelman and four other defendants, docketed as case number 81 M1 71691, for seven Code violations in a three-story building located at 957-959 W. Armitage in Chicago. The complaint requested imposition of a $1,400 fine, temporary and permanent injunctions to force compliance, an order of demolition, reasonable attorney fees and costs. Other defendants were served; however, only

Adelman, reportedly the beneficial owner of the land trust involved, filed an appearance.

On October 26, 1982, upon leave of court, the city filed an amended complaint containing 21 additional counts of Code violations and requested a fine of $4,200. At a hearing held on that date, Adelman's attorney asserted partial Code compliance with respect to the original violations claimed. On February 15, 1983, a second amended complaint was apparently filed charging 52 violations; this complaint is not included in the record on appeal. On March 24, 1983, an inspector reported to the court that there had been no compliance. Adelman's attorney stated, however, that his client was trying to obtain funds for rehabilitation of the building. For April 28, 1983, the circuit court half-sheet shows an entry of "x parte 10,400 & C MTV E&C 6-30-83," presumably meaning $10,400 and costs, motion to vacate entered and continued to June 30, 1983. The words "x parte" were lined through. No report of proceedings was made available by the court reporter for that date.

On May 12, 1983, in a written motion, Adelman again sought to vacate the judgment, asserting that he "ha[d] undertaken steps to substantially comply with the outstanding violations [sic]." At a June 30, 1983, hearing, a city inspector reported work in progress on the building. The half-sheet entry for December 1, 1983, contains the words "X to issue," presumably indicating execution to issue. Both parties have stipulated that court reporter notes for the December 1, 1983, proceedings have been lost or stolen so that a verbatim transcript cannot be prepared.

On March 6, 1984, the city filed a new complaint against Adelman and other defendants, docketed as case No. 84 M1 402111, for 50 Code violations in the same building. At a hearing held on April 12, 1984, the new owner, Calvin Boender, stated he would rehabilitate the building. The previously filed amended complaints were brought to the court's attention in the following colloquy:

"MR. CANAVY [Adelman's counsel]: Your Honor, there was a case previously filed, on this building, 81 M1 71691, that went to judgement [sic].

We are asking the court to—

THE COURT: The file is not here.

MR. CANAVY: I would like to have the two matters consolidated.

So, perhaps the judgement [sic] that was entered, in this cause, would fall.

BY MR. CARSLEY [City's counsel]:

Q. Is there anything dagerous [*sic*] or hazardous?
A. No, there is not.
MR. CARSLEY: All right. June 28, 1984.
THE COURT: June 28, 1984."

On June 28, 1984, the circuit court dismissed the new complaint without costs, subject to reinspection. The court reporter notes for that date also cannot be found and no transcript is available. A final order was entered on July 6, 1984, dismissing case No. 84 M1 402111 without costs.

On April 29, 1985, the circuit court entered a memorandum of judgment, ordering that the judgment of April 28, 1983, for the city and against the defendant be spread upon the records of the county recorder of deeds. This memorandum did not specify which defendant or defendants were named in the judgment.

On February 6, 1987, the circuit court entered an order of enforcement of judgment and disposition, directing that the judgment entered on April 28, 1983, against defendant Adelman stand as a final judgment, denying any motions to vacate and granting leave for enforcement to proceed immediately. The order recited that there was no just reason to delay its enforcement or appeal and indicated that the matter was heard on the regular trial call upon a hearing date of December 1, 1983. A conforming order was entered on February 19, 1987 (although dated February 11, 1987), denying the motion to vacate the *ex parte* judgment of April 28, 1983, stating that execution would issue for $10,400 plus costs against Adelman, and listing the hearing date as December 1, 1983.

Adelman asserts that he had no prior notice of the orders of February 6, 1987, and February 19, 1987, nor was he served with them after their entry, but only learned of them after the city began collection proceedings. The parties have stipulated that no reports of proceedings held February 6, 1987, February 11, 1987, and February 19, 1987, are available.

On March 13, 1987, Adelman filed his notice of appeal from the judgment of April 28, 1983, and the orders entered on February 6, 1987, and February 19, 1987.

I

■■ The city first contends that defendant did not timely file his appeal and thus this court lacks jurisdiction to hear it because final judgment was entered on December 1, 1983, when the half-sheet indicated execution to issue; however, Adelman did not appeal until March 13, 1987, well after the 30-day limit established by Supreme

Court Rule 303(a) (107 Ill. 2d R. 303(a)). Further, because the circuit court did not require a written judgment to be submitted on December 1, 1983, its oral order on that date triggered the appeal period. The city also contends that Adelman's failure to file a timely appeal is not excused by either his mistaken belief that this case was consolidated with another case later dismissed or by its own delay in executing on the judgment.

Adelman maintains that the half-sheet entry for December 1, 1983, does not mean a final judgment was entered as of that date and that a judgment against only one of the defendants in the case must contain the wording required by Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Neither the April 28, 1983, order nor the December 1, 1983, order, as indicated by the half-sheet, shows that the appealable wording was included.

In the present case, transcripts of proceedings in the circuit court are not made of record for many crucial dates, including April 28, 1983, when the $10,400 judgment and motion to vacate were both entered, December 1, 1983, when the half-sheet indicates execution to issue, and June 28, 1984, when the second lawsuit was dismissed. These omissions have not been remedied by a bystander's report or a stipulated statement of facts. Accordingly, any doubts arising from this record's incompleteness must be resolved against the appellant. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 392, 459 N.E.2d 958; *Pecora Oil Co. v. Johnson* (1987), 156 Ill. App. 3d 521, 523, 509 N.E.2d 495, *appeal denied* (1987), 116 Ill. 2d 562.) In its order of February 6, 1987, the circuit court stated it was fully advised in the premises and it is presumed that adequate evidence had been presented to it. *Foutch v. O'Bryant*, 99 Ill. 2d at 393-94; *In re Estate of Lawson* (1976), 41 Ill. App. 3d 37, 40, 353 N.E.2d 345.

Under Supreme Court Rule 272 (107 Ill. 2d R. 272), unless the circuit court requires submission of a written judgment, the effective date of the judgment for purposes of appeal is the date it is entered of record. In *Swisher v. Duffy* (1987), 117 Ill. 2d 376, 377-81, 512 N.E.2d 1207, our supreme court held that the signing of a written order for voluntary dismissal was superfluous after judgment of dismissal was earlier entered of record where there was no evidence the circuit court required a written judgment to be submitted. (See *People v. Dickerson* (1984), 129 Ill. App. 3d 59, 61, 471 N.E.2d 1046.) Here, the effective date of judgment was in 1983 rather than 1987, since there is no half-sheet indication that the circuit court required submission of a written judgment either for April 28 or December 1, 1983. The half-sheet is part of the official record in the municipal depart-

ment of the circuit court of Cook County. (Cir. Ct. General Order No. 6.5; *Sampson v. Ambrose* (1984), 123 Ill. App. 3d 742, 744, 463 N.E.2d 783.) Absent draft orders indicating otherwise, the half-sheet entries are the official recordation of orders entered.

This court held in *City of Chicago v. North End Building Corp.* (1962), 34 Ill. App. 2d 306, 308-11, 180 N.E.2d 726, relying upon section 39.2 of the Code (Chicago Municipal Code, ch. 39, §39.2 (1984)), that unless otherwise specifically provided, owners, their agents or others managing or controlling buildings with code violations are liable for violations of the building code. As applied here, this ruling means that the judgment was assessed against all defendants at bar. No Rule 304(a) language was necessary under those circumstances, to make the order final and appealable.

Adelman, one of those defendants, evidently moved immediately to vacate, which was entered and continued to April 28, 1983, and on May 12, 1983, he filed a written motion to vacate, tolling the time for appeal until such motion was ruled on. Although that ruling could have taken place on December 1, 1983, when execution was allowed to issue, there is no half-sheet entry or draft order appearing in the record showing any disposition of this motion. Indeed, no ruling on the motion to vacate is shown to have occurred until February 6, 1987, more than 3½ years after the motions were made and filed, when the circuit court's order denied all motions to vacate.

Rule 2.3 of the Cook County circuit court provides:

"The burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court *may* enter an order overruling or denying the motion by reason of the delay." (Emphasis added.)

It is clear from the wording of the rule that its force and effect were not intended to be self-executing, but require some court action. So, too, "may" the court consider the merits of the motion after 90 days, in the court's discretion. Nor is there anything in the rule which precludes the respondent to a motion from calling the motion for hearing in aid of coherence and timeliness, although it may not be his burden to do so. Adelman's failure to call up his own motion, and the declination of the city to do so until 3½ years later, has led to the flagrant obstruction of a simple procedural rule obviously designed and intended to further the orderly disposition of litigation in a court system already overburdened with a glut of litigious proceedings.

In the interests of the expeditious administration of justice and fairness, and considering both parties' long delay in properly pursuing

these matters, this court finds a sufficient basis for jurisdiction to entertain the merits of this appeal under these facts. Moreover, orders entered *ex parte*, such as the February 1987 orders, without prior notice to all parties who have appeared in the case and have not been dismissed, can be attacked on appeal at any time as void. See *Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 884, 409 N.E.2d 447; *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 629, 373 N.E.2d 416.

## II

■ Adelman maintains that the original judgment of April 28, 1983, was void because the half-sheet failed to indicate in whose favor the judgment was entered and against whom.

Although a judgment must designate the parties for and against whom it is rendered in order to be considered valid and final (*Waters v. Chicago & Eastern Illinois R.R. Co.* (1973), 13 Ill. App. 3d 661, 664, 300 N.E.2d 521; *Department of Public Works & Buildings v. Gieseking* (1969), 108 Ill. App. 2d 105, 109, 246 N.E.2d 707; *Kaley v. Carr* (1952), 348 Ill. App. 151, 154, 108 N.E.2d 512), technical deficiencies can be corrected if parties are not prejudiced (*Wakefield v. Kern* (1978), 58 Ill. App. 3d 837, 838, 374 N.E.2d 1074; *Department of Public Works & Buildings v. Gieseking*, 108 Ill. App. 2d 105; see also, *In re Marriage of Betts* (1987), 159 Ill. App. 3d 327, 330, 511 N.E.2d 732.) A circuit court order must be interpreted in its entirety, having reference to other parts of the record, including the pleadings and issues. *Gagliano v. 714 Sheridan Venture* (1986), 144 Ill. App. 3d 854, 858, 494 N.E.2d 1182; *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 789, 424 N.E.2d 911, *appeal denied* (1981), 85 Ill. 2d 577.

In the case *sub judice*, the judgment entered on April 28, 1983, was in favor of the city and against defendants. Only the city had requested damages. Adelman's May 12, 1983, written motion to vacate the judgment referred to his actions to comply with the Code in remediating the violations. It is difficult to conceive any reason for Adelman to have filed such a motion unless he clearly understood that the judgment involved him and that he was called upon to take some action. The April 28, 1983, order is not void for failure to identify the affected parties.

## III

■ Error is next claimed in the city's failure to notify Adelman of the intended entry of two orders in February 1987, which he insists

renders the orders void under State law and due process and constitutes violations of the rules of the circuit court of Cook County, the Illinois Code of Professional Responsibility and of professional courtesy. The city responds that the February 1987 orders required no notice because they made no changes in the earlier judgment; no *ex parte* hearings were held, since the orders both stated the hearing date had been December 1, 1983; Adelman had the duty of bringing up his motion to vacate, since Rule 2.3 of the Cook County circuit court allows motions not called within 90 days to be denied for want of prosecution; and Adelman never brought up his motion to vacate. See *Ellis Realty v. Chapelski* (1975), 28 Ill. App. 3d 1008, 1013, 329 N.E.2d 370; *Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 1052, 318 N.E.2d 282.

Parties to an action who have properly appeared are entitled to notice of any motions and hearings. (*Simpson v. Irving* (1981), 99 Ill. App. 3d 176, 178, 425 N.E.2d 62; see *In re Estate of Levin* (1985), 135 Ill. App. 3d 866, 870, 482 N.E.2d 409.) Prior to entry of a new order, a party must give notice thereof. (*Maras v. Bertholdt* (1984), 126 Ill. App. 3d 876, 881, 467 N.E.2d 599; see *Wilson v. Moore* (1973), 13 Ill. App. 3d 632, 633, 301 N.E.2d 39.) Adelman clearly was entitled to notice.

The two February 1987 orders did not merely reflect what appeared on the half-sheet, as argued by the city, but materially changed the status of the case. As a result of the February 1987 orders, the judgment was entered only against Adelman, to the exclusion of his codefendants; the city was given an immediate right to collect that judgment; his motion to vacate the judgment was denied; and the time within which he could appeal began to run. Adelman claims that he did not know of the city's intent to present these orders, which the city does not deny.

It is of ancient precedent in this country that "[p]arties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified. Common justice requires that no man shall be condemned in his person or property without notice and an opportunity to make his defense." (*Baldwin v. Hale* (1863), 68 U.S. (1 Wall.) 223, 233, 17 L. Ed. 531, 534; *Simpson v. Irving*, 99 Ill. App. 3d at 178; *City of Milford v. Illinois Commerce Comm'n* (1975), 34 Ill. App. 3d 293, 296-97, 339 N.E.2d 470.) No notice was given to Adelman before or after entry of the two February 1987 orders. Accordingly, they must be deemed null and void as a denial of Adelman's constitutional rights to procedural due process under the fourteenth amendment to the United States Constitution and

article 1, section 2, of the 1970 Illinois Constitution and must be reversed. *Department of Revenue v. Jamb Discount* (1973), 13 Ill. App. 3d 430, 435, 301 N.E.2d 23; *Hyon Waste Management Services, Inc. v. City of Chicago* (1977), 53 Ill. App. 3d 1013, 1016, 369 N.E.2d 179; *Johnson v. State Employees Retirement System* (1987), 155 Ill. App. 3d 616, 619, 508 N.E.2d 351, *appeal denied* (1987), 116 Ill. 2d 559.

■ Adelman further maintains that the two February 1987 orders presented by the city to the trial court without notice and entered *ex parte* are void because they violated the Illinois Code of Professional Responsibility, the rules of the circuit court of Cook County and local customary practice.

Although we have already held the two February 1987 orders void, we nevertheless elect to address these contentions because of their important impact upon the practice of law in our community at this time.

Our Code of Professional Responsibility, Rules 7—110(b)(2), (b)(3), provides that communication by a lawyer with a judge may be had "in writing if he promptly delivers a copy of the writing to opposing counsel or to the adverse party" and "orally upon adequate notice to opposing counsel or to the adverse party." (107 Ill. 2d Rules 7—110(b)(2), (b)(3).) It appears in the present case that, in some undisclosed manner, the city drafted an order and presented it to the circuit court for entry without notifying Adelman. Cook County Circuit Court Rules 17.1 and 17.2(b) provide that "no judge shall permit and no lawyer shall engage in *ex parte* communications, unless allowed by law, in connection with any matter pending before said judge," and place a duty upon "the lawyer who has initiated said communication to promptly serve a written summary *** of said communication on all parties of record and the judge." There is no evidence of any compliance by the city with these rules. Even the recognized custom of making a telephone call to the office of an absent attorney before proceeding *ex parte* might have mitigated the ill effects of these proceedings. (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 978, 979, 313 N.E.2d 684.) Without resorting to conjecture invited by the special concurrence, as to whether or "what representations were made to the trial judge or under what other circumstances the order was entered," (171 Ill. App. 3d at 690) with respect to want of notice to Adelman before the 1987 orders were presented or entered, the city concedes total absence of notice to him through its assertion that "no notice was required." Our reliance upon the record is fully justified and supported without the necessity of groundless speculation. The relaxation of these ethical standards is not to be counte-

nanced even in high volume courtrooms, such as those hearing housing violations, as in this case. Future compliance with these rules is essential if serious disciplinary action is to be avoided.

In these changing times, with ever-increasing emphasis upon moral conduct, lawyers and judges must become more acutely aware of and attentive to ethical considerations, presently casting deeper shadows of impropriety or its appearance than ever before, with special attention to *ex parte* actions, which lend themselves to suspicion by their very nature and often enough turn up issues of due process violations when carefully scrutinized. This scrutiny should be undertaken by bench and bar before the rights of absent parties are adversely or otherwise affected, not only from the perspectives of ethics principles but, equally important, from continually developing concepts of substantive and procedural due process. Although the *emphasis* upon these ethical considerations may be fairly recent, the principles themselves are long standing and well established.

For the foregoing reasons, the February 6, 1987, and February 19, 1987, orders are reversed and the cause is remanded for further proceedings consistent with this opinion, including a full and prompt consideration of Adelman's motions to vacate the 1983 orders.

Reversed and remanded.

STAMOS, J.,* concurs.

JUSTICE SCARIANO, specially concurring:

I agree with the result in this case, but because I regard the inclusion of the second and third to the last paragraphs as unnecessary, I do not join in that portion of the opinion. Although I do not condone the entry of the *ex parte* order in the trial court, I view these paragraphs as inappropriate under the circumstances of this case. Every effort was made to secure the transcripts relating to the events of the crucial dates in this matter, but they are unavailable and are therefore not part of the record on appeal; consequently, we do not know what representations were made to the trial judge or under what other circumstances the order was entered. We know only through the city's brief filed in this court that it served no notice on Adelman because it thought that none was necessary, a theory the city adheres to on appeal. This explanation, however, still does not tell us anything regard-

---

*Justice Stamos participated in the decision of this case prior to taking office as a supreme court judge.

ing the obtaining of the entry of the order by the trial judge.

I fully agree that we should encourage all attorneys and judges to be acutely aware of ethical and due process considerations when affecting the rights of absent parties; however, we do not ourselves exemplify due process when we rebuke where there is no basis in the record for us to suggest that such considerations were willfully disregarded, especially by the trial judge. It would have been more appropriate for us to await a more proper instance to criticize—one reflected by the record.